Doreen LIBERTO–BLANCK, Plaintiff,

v.

CITY OF ARROYO GRANDE;
Robert Hunt, Defendants.

No. CV 98–5118 DDP (RZx).

United States District Court,
C.D. California.

Jan. 15, 1999.

Janet Koehn, Ventura, CA, for Plaintiff.

Sarah Dickenson Mott, Allison Margaret Woodall, Hanson Bridgett Marcus Vlahos & Rudy, San Francisco, CA, for Defendants.

**ORDER DENYING DEFENDANT
ROBERT HUNT'S MOTION
TO DISMISS**

PREGERSON, District Judge.

This matter came before the Court on defendant Robert Hunt's motion to dismiss on January 11, 1999. After reviewing and considering the materials submitted by the parties and hearing oral argument, the Court denies the motion.

## BACKGROUND

The plaintiff was employed by the City of Arroyo Grande (the "City") as the planning director from 1987 to 1998. During her tenure the plaintiff reported to the various city managers employed by the City, including Chris Christiansen ("Christiansen") and defendant Robert Hunt ("Hunt"). The plaintiff alleges that Christiansen sexually harassed her and retaliated against her for filing a claim with the Equal Employment Opportunity Commission ("EEOC") in 1995. The plaintiff alleges that the City fired Christiansen in 1995 and hired Hunt.

The plaintiff further alleges that in 1997 she applied for an opening the City had for an Interim Parks and Recreation Director. The plaintiff alleges that Hunt retaliated against the plaintiff for the 1995 complaint by choosing another candidate for this position. In response, the plaintiff filed EEOC complaints in 1997 and 1998 for discrimination and retaliation. The EEOC dismissed these claims and issued right-to-sue letters.

Hunt now moves that the Court dismiss all claims for discrimination and retaliation under California's Fair Employment and Housing Act ("FEHA") pending against him individually. The City has not joined in this motion.

## DISCUSSION

A. *Legal Standard*

Dismissal under Rule 12(b)(6) is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" set forth in the complaint. *Newman v. Universal Pictures*, 813 F.2d 1519, 1521–22 (9th Cir.1987) (internal quotations omitted). The Court must view all allegations in the complaint in the light most favorable to the non movant and must accept all material allegations—as well as any reasonable inferences to be drawn from them—as true. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.1983).

### B. *Liability of supervisors individually under FEHA*

The issue is whether the California Legislature intended to allow supervisors to be sued individually for claims of retaliation. At least one California appellate court has answered this question affirmatively. *See Page v. Superior Court*, 31 Cal.App.4th 1206, 37 Cal.Rptr.2d 529, 532 (Cal.App.1995) (stating, "language of FEHA indicates the Legislature intended to authorize administrative and civil complaints against a supervisor for harassment and retaliation"). However, the California Supreme Court recently held, in a case of first impression, that supervisors may not be sued individually under FEHA for alleged discriminatory acts. *Reno v. Baird*, 18 Cal.4th 640, 76 Cal.Rptr.2d 499, 513, 957 P.2d 1333 (1998). The *Reno* court held that the only recourse available to victims of discrimination under California law is to sue the employer who allegedly engaged in the discriminatory act. *Id.* The question here, therefore, is whether the reasoning in *Page* remains good law in light of the *Reno* decision.

In reaching its decision, the *Reno* court considered the Legislature's intent in enacting FEHA. The court noted that the Legislature used different language when codifying sections regarding harassment and discrimination. The Legislature prohibited harassment by "an employer ... or any other person." Cal. Gov't.Code § 12940(h)(1). Alternatively, the Legislature only prohibited discrimination by "an employer." *Id.* § 12940(a). Consequently, while the Legislature used the term "person" in conjunction with harassment it did not do so with discrimination. Further, the Legislature defined a "person" as "one or more individuals, partnerships, associations, corporations, limited liability companies, legal representatives, trustees, trustees in bankruptcy, and receivers or other fiduciaries." *Id.* § 12925(d).

Additionally, although both subsections use the word "employer," each ascribes a different meaning to this word. Subsection (a), which prohibits discrimination, defines an "employer" as "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly ..." Cal. Gov't. Code § 12926(d). Subsection (h), which prohibits harassment, defines an "employer" as "any person regularly employing one or more persons, or any person acting as an agent of an employer, directly or indirectly..." *Id.* § 12940(h)(3)(A). The difference between these definitions of "employer" represents a Legislative intent that very small businesses—those employing less than five employees—would not be subject to the prohibition on discrimination. Likewise, individuals would not be held liable for discriminatory acts.

Therefore, the *Reno* court found that the legislature intended to treat harassment and discrimination differently and concluded that supervisors could not be held individually liable. The court considered that one of the key differences between harassment and discrimination was the nature of the conduct involved. The court noted that:

> [H]arassment consists of a type of conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job.

*Reno*, 76 Cal.Rptr.2d at 502, 957 P.2d 1333. Discrimination, on the other hand, "arise[s] out of the performance of necessary personnel management duties." *Id.* These duties include:

> [C]ommonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like.

*Id.* The court concluded by stating that the Legislature did not intend that personnel management decisions of this nature be within the definition of harassment, and that they would not give rise to individual liability. *Id.* at 502–03, 957 P.2d 1333.

The Legislature enacted § 12940(f) to protect employees from retaliation in the workplace. Section 12940(f) states that it is unlawful:

> For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.

In reviewing this language, the *Page* court referred to an earlier case and stated: "With respect to retaliation, the Court of Appeal in *Fisher* implicitly assumed that the 1987 amendment of subdivision (f) of section 12940 to add the word 'person' indicates a legislative intention that co-workers can be held liable for retaliation under FEHA." *Page*, 37 Cal.Rptr.2d at 533, *citing Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 262 Cal.Rptr. 842 (1989). Additionally, the *Page* court looked at the legislative history in which the Legislature emphasized that, "It is the existing policy of the State of California to prohibit harassment and discrimination in employment on the basis of any protected classification." *Id.* at 534, *quoting* Stats. 1984, ch. 1754, §§ 1–2, pp. 6403, 6405–06. The *Page* court concluded that "FEHA should be construed broadly to effectuate its purposes" and that the best way to effectuate this statute was to hold a supervisor liable for his own retaliatory acts. *Id.*

As with subsection (a), subsection (f), which prohibits retaliation, draws on § 12926(d) to define employer as one who employs more than five employees. Although the *Page* court considered the addition of the word "person," it did not consider the difference in the definition of the term "employer" in the respective sections prohibiting harassment and retaliation.

The use of the terms employer and person in the various sections seems interconnected. For discrimination, the Legislature did not intend to subject small businesses or individuals to suit. *See Reno*, 76 Cal.Rptr.2d at 509, 957 P.2d 1333. Therefore, under subsection (a) the Legislature limited causes of action to businesses employing more than five employees. Cal. Gov't. Code § 12940(a). For harassment, the Legislature intended all

employers and individuals to be liable. *See Reno*, 76 Cal.Rptr.2d at 501, 957 P.2d 1333. Therefore, under subsection (h) the Legislature changed the meaning of employer to include anyone employing one or more persons and to also include other persons. Cal. Gov't. Code § 12940(h)(1).

In dealing with retaliation, though, the Legislature used both the term "employer" and "person" as they are defined in §§ 12925, 12926. *Id.* § 12940(f).

A fundamental cannon of statutory construction is that words will be given their ordinary meaning. The Court assumes that the Legislature acted purposefully in adding the term "person" to this statute. Moreover, the Legislature defined a person as "one or more individuals ..." Cal. Gov't. Code § 12925(d). This usage indicates that the Legislature made a policy decision to hold both employers and other individuals who engage in retaliatory acts responsible for such conduct. *See Page*, 37 Cal.Rptr.2d at 534.

Hunt, however, argues that the term "person" is subject to alternative interpretations. For example, Hunt argues that the Legislature used the term "person" to act as a catchall so as to hold employers employing under five employees liable for retaliatory acts. Specifically, he states that in addition to individuals § 12925 defines persons broadly to also include "partnerships, associations, corporations, limited liability companies, legal representatives, trustees, trustees in bankruptcy, and receivers or other fiduciaries." Cal. Gov't. Code § 12925(d). Therefore, adding the term "person" to § 12940(f) would also include any person employing one or more employees.

Hunt's argument is unpersuasive in light of § 12940(h). When the Legislature crafted § 12940(h), it chose to hold all employers employing one or more employees liable for acts of harassment. *Page*, 37 Cal.Rptr.2d at 534. In doing so, the Legislature did not rely on the term "persons." Instead, the Legislature changed the meaning of the term "employer" to include persons employing one or more employees. Cal. Gov't. Code § 12940(h)(3)(A). Hunt is correct that a small business employing between one and

four employees would be a covered entity under § 12940(f). However, if the Legislature had intended to limit § 12940(f) to small businesses and not include individuals it would have changed the definition of the term "employer" as it did with § 12940(h) and it would not have added the term "person" as it refrained from doing in § 12940(a).

Because the Legislature chose to use the term "person" and that term is defined to include "one or more individuals," the Court finds that the Legislature intended to provide a cause of action against individual supervisors who commit retaliatory acts.

The Court notes that the policy arguments that the *Reno* court made in determining that supervisors are not individually liable for discriminatory acts may apply in the context of retaliation. However, in light of the express language used by the Legislature in § 12940(f), the Court does not reach these arguments.

For these reasons, the Court DENIES Hunt's motion to dismiss all claims against him in his individual capacity.

IT IS SO ORDERED.