[No. S073601. Dec. 9, 1999.]

MARYANN CARRISALES, Plaintiff and Appellant, v.
DEPARTMENT OF CORRECTIONS et al., Defendants and Respondents.

**COUNSEL**

Quackenbush and Quackenbush, William C. Quackenbush; Law Offices of Mark John Tundis and Mark John Tundis for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Richard M. Frank, Chief Assistant Attorney General, Louis Verdugo, Jr., Assistant Attorney General, and Thomas P. Reilly, Deputy Attorney General, for the Fair Employment and Housing Commission as Amicus Curiae on behalf of Plaintiff and Appellant.

Law Offices of Patricia D. Barrett and Patricia D. Barrett for Defendants and Respondents Department of Corrections, Denise Powell and Rose Del Valle.

Franscell, Strickland, Roberts & Lawrence, Tuverson & Hillyard and Kathleen A. Stosuy for Defendant and Respondent Dave Selkirk.

Brobeck, Phleger & Harrison, Rebecca D. Eisen and Richard T. Marquez for the Employers Group as Amicus Curiae on behalf of Defendant and Respondent Dave Selkirk.

## OPINION

**CHIN, J.**—The California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.)[1] declares certain kinds of discrimination and harassment in the workplace to be "unlawful employment practice[s]." (§ 12940.) We must decide whether an employee may be personally liable to a coworker for sexual harassment under the FEHA. We conclude that the FEHA does not apply to actions between coworkers not involving a supervisorial relationship.

### I. PROCEDURAL HISTORY

Plaintiff Maryann Carrisales, an employee of the Department of Corrections (Department) sued the Department, two of her supervisors, and a coworker, Dave Selkirk, for sexual harassment in violation of the FEHA. She alleged that Selkirk repeatedly sexually harassed her, and that the defendant supervisors knew of the sexual harassment but failed to take immediate and appropriate corrective action.

The trial court granted summary judgment in favor of each defendant. Plaintiff appealed. In an opinion authored by Justice Richli, the Court of Appeal reversed the grant of summary judgment as to the Department, finding a triable issue of fact regarding whether the Department and plaintiff's supervisors took immediate and appropriate corrective action. It affirmed the grant of summary judgment as to the supervisors, holding that they could not be held personally liable under the FEHA for sexual harassment that they neither assisted, encouraged, nor participated in themselves. These rulings are not before us on review, and we do not consider them.

The Court of Appeal also affirmed the grant of summary judgment in favor of Selkirk, holding that "a nonsupervisory coworker cannot be held liable for sexual harassment under FEHA." The court stressed that its ruling did not mean that sexual harassment is acceptable either legally or morally. The victim of harassment may have injunctive or tort remedies against the harasser depending on the precise facts of the case. It meant only that "the victim's legal remedy [against a coworker harasser] does not lie under FEHA."

We granted plaintiff's petition for review, which raised only the issue of the liability of a coworker for harassment under the FEHA.

### II. DISCUSSION

The sole issue before us is whether the FEHA makes a nonsupervisory employee personally liable to a coworker for sexual harassment.

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

Resolution of the issue requires us to interpret section 12940, subdivision (h)(1) (section 12940(h)(1)), which states as relevant: "It shall be an unlawful employment practice . . . : [¶] . . . [¶] For an employer . . . or any other person, because of . . . sex, . . . to harass an employee or applicant. Harassment of an employee or applicant by an employee other than an agent or supervisor shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An entity shall take all reasonable steps to prevent harassment from occurring."[2]

In urging that a coworker is personally liable for harassment under the FEHA, plaintiff relies primarily on the statutory reference to "any other person." This language is broad and certainly includes Selkirk; indeed, it includes everyone in the world. The FEHA defines a "person" as including "one or more individuals . . . ." (§ 12925, subd. (d); see *Reno* v. *Baird* (1998) 18 Cal.4th 640, 644 [76 Cal.Rptr.2d 499, 957 P.2d 1333].) Plaintiff argues that, because the statute prohibits *any* person from committing harassment, it makes a coworker like Selkirk personally liable for harassing her. We disagree.

■ We must not view isolated language out of context, but instead interpret the statute as a whole, so as to make sense of the entire statutory scheme. (*People* v. *McCart* (1982) 32 Cal.3d 338, 342-343 [185 Cal.Rptr. 284, 649 P.2d 926].) ■ Section 12940 defines what is "an unlawful *employment practice*." (Italics added.) If there is no proscribed "employment practice," the FEHA does not apply. The second sentence of section 12940(h)(1) makes clear what is an unlawful employment practice in this context: "Harassment of an employee or applicant by an employee *other than* an agent or supervisor [i.e., by someone like Selkirk] shall be *unlawful* if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action."

---

[2]Section 12940(h)(1) provides in its entirety: "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:

" . . . . . . . . . . . . . . . . . . . .

"(h)(1) For an employer, labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or age, to harass an employee or applicant. Harassment of an employee or applicant by an employee other than an agent or supervisor shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment."

(Italics added.) If an employee other than an agent or supervisor commits the harassment, and the employer takes immediate and appropriate corrective action when it becomes or reasonably should become aware of the conduct—for example, when the victim or someone else informs the employer—there simply is no "unlawful employment practice" that the FEHA governs. Additionally, like the Court of Appeal, "we do not believe the Legislature intended the harassing coworker's liability to turn on the employer's knowledge and failure to take action." If the employer takes appropriate action, no unlawful employment practice has occurred. If the employer fails to take such action, there may be an unlawful employment practice, but it is by the employer, not the coworker.

Plaintiff makes a number of arguments in favor of imposing individual liability under the FEHA on coworkers, none persuasive. She notes that the "Legislature has declared that the purpose of the FEHA is to provide effective remedies which will eliminate discriminatory practices," which include harassment. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323], citing § 12920.) "In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter *unlawful employment practices* and redress the adverse effects of *those practices* on aggrieved persons." (§ 12920.5, italics added.) This legislatively declared purpose of providing effective remedies would be defeated, plaintiff argues, if she had no recourse against the harasser personally. We certainly do not "dispute that the prevention of sexual harassment in the workplace is of utmost importance." (*Farmers Ins. Group* v. *County of Santa Clara* (1995) 11 Cal.4th 992, 1015 [47 Cal.Rptr.2d 478, 906 P.2d 440].) But the FEHA proscribes and provides remedies for unlawful employment *practices*. Under that law, harassment by a nonsupervisor is not an unlawful employment practice if the employer takes immediate and appropriate corrective action when reasonably made aware of the conduct.

Moreover, as the Court of Appeal noted, our conclusion does not necessarily prevent a harasser from being personally liable to the victim under some other statute or theory of tort. All we hold is that the *FEHA* does not cover harassment short of an unlawful employment practice. The FEHA's noncoverage does not immunize anyone, including a coworker, from the consequences of conduct that is otherwise tortious. It is true that under our holding a victim of harassment might not receive monetary damages for all acts of harassment. Section 12940(h)(1) makes the employer strictly liable for harassment by an agent or supervisor, but liable for harassment by others only if the employer fails to take immediate and appropriate corrective

action when reasonably made aware of the conduct. (See generally, *Fiol* v. *Doellstedt* (1996) 50 Cal.App.4th 1318, 1328 [58 Cal.Rptr.2d 308], and cases cited.) Thus, circumstances could exist in which a plaintiff would not receive a monetary recovery. If a person who is neither a supervisor nor an agent commits acts of harassment not amounting to a tort outside of the FEHA, and the employer takes immediate and appropriate corrective action when it is or should be aware of the conduct (for example, when the victim or someone else informs the employer), the victim would have no recourse beyond the employer's corrective action. These circumstances leading to no monetary recovery are very narrow. We see no suggestion in the FEHA of an intent to involve the courts in coworker harassment cases when the employer does act immediately and appropriately.

"When the workplace is permeated with discriminatory intimidation, ridicule and insult that is ' "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," ' the law is violated." (*Kelly-Zurian* v. *Wohl Shoe Co.* (1994) 22 Cal.App.4th 397, 409 [27 Cal.Rptr.2d 457], quoting *Harris* v. *Forklift Systems, Inc.* (1993) 510 U.S. 17, 21 [114 S.Ct. 367, 370, 126 L.Ed.2d 295].) If the harasser is a nonsupervisor, and the employer takes immediate and appropriate corrective action when informed of the conduct, this standard is not met.

Contrary to plaintiff's argument, *Reno* v. *Baird, supra,* 18 Cal.4th 640, does not compel a contrary conclusion. That case involved solely the question of individual liability for *discrimination*. We expressed no opinion "regarding individuals' liability for harassment." (*Id.* at p. 645, fn. 2.) To support our conclusion that only the employer is liable for discrimination, we noted the difference in the statutory treatment of discrimination and harassment. (*Id.* at pp. 644-645.) Section 12940 does indeed treat the two differently, and for a reason. "Whatever similarities there may be between [discrimination and harassment], the *employer* ultimately does the former; coworkers and supervisors do the latter." (*Reno* v. *Baird, supra,* 18 Cal.4th at p. 657, original italics.) This differing statutory language means that our conclusion regarding discrimination does not compel a similar conclusion regarding harassment. It does not, however, compel a contrary conclusion either. It merely means that each question must be decided separately, considering the discrimination language to decide the discrimination issue, as we did in *Reno* v. *Baird,* and independently considering the harassment language to decide the harassment issue, as we do here.

Plaintiff notes that another provision of the FEHA that prohibits improper retaliation also extends the prohibition to any "person." (§ 12940, subd. (f).)

Some cases contain dicta suggesting that this language imposes personal liability on coworkers for retaliation. (*Page* v. *Superior Court* (1995) 31 Cal.App.4th 1206, 1213 [37 Cal.Rptr.2d 529]; *Fisher* v. *San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 615-616 [262 Cal.Rptr. 842].) Plaintiff argues that the same rule should apply to harassment because of section 12940(h)(1)'s assertedly similar language. However, whatever rule might apply to retaliation (we express no opinion), the statutory language regarding retaliation contains no additional language comparable to the second sentence of section 12940(h)(1). We must construe section 12940(h)(1) in its entire context, not by reference to the quite different overall language of section 12940, subdivision (f).

Plaintiff and amicus curiae Fair Employment and Housing Commission (FEHC) on her behalf cite the FEHC's administrative decisions as supporting imposition of personal liability on coworkers. Indeed, the FEHC cites over 20 of its decisions. Most of these decisions, however, involve harassment by a supervisor and thus have no bearing on this question.[3] Only two precedential decisions—one rendered during the pendency of this appeal—impose personal liability for harassment on a nonsupervisorial co-worker. (*Dept. Fair Empl. & Hous.* v. *Lake County Dept. of Health Services* (1998) No. 98-11, FEHC Precedential Decs. 1998-1999, CEB 1 (*Lake County*); *Dept. Fair Empl. & Hous.* v. *Madera County* (1990) No. 90-03, FEHC Precedential Decs. 1990-1991, CEB 1, pp. 27-28 (*Madera County*) [imposing liability on a supervisor for all harassing conduct including some committed when not a supervisor].) These decisions rely solely on section 12940(h)(1)'s "any other person" language. Only *Lake County* specifically considered whether to impose personal liability on a coworker as well as a supervisor. It cited cases holding supervisors liable, then stated, "While these cases decided individual liability only in the context of supervisor harassment, their logic—i.e., the use of the word 'person' in Government Code section 12940, subdivision (h)—applies equally to co-worker liability." (*Lake County, supra*, at p. 28.)

We find these FEHC decisions unconvincing. The first, *Madera County*, simply found the individual personally liable because he was a "person," without distinguishing between his roles as supervisor and as coworker. (*Madera County, supra*, No. 90-03, FEHC Precedential Decs. 1990-1991, CEB 1 at pp. 27-28.) The second, *Lake County*, at least mentions this issue, but it contains little analysis. (*Lake County, supra*, No. 98-11, FEHC Precedential Decs. 1998-1999, CEB 1 at p. 28.) It considered only the "any

[3]We express no opinion regarding the liability of a *supervisor* for harassment or any issue other than the one before us.

other person" language rather than the statute as a whole in imposing liability on coworkers as well as supervisors. Moreover, although a *contemporaneous* interpretation an administrative agency gives to the statutes under which it operates is entitled to great weight, *Lake County* was decided many years after the enactment of the statutory language it interprets. (See *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.*, *supra*, 43 Cal.3d at pp. 1388-1389.) "[U]ltimately[,] statutory interpretation is a question of law the courts must resolve." (*Reno* v. *Baird*, *supra*, 18 Cal.4th at p. 660.) We do so by considering all the relevant statutory language, not a single phrase in isolation.

Both parties invoke the legislative history of Assembly Bill No. 1985, (1981-1982 Reg. Sess.), the bill that codified the substance of current section 12940(h)(1), as supporting their respective positions. We have reviewed that legislative history and find it inconclusive. It provides little guidance beyond the language of the statute itself. Indeed, the most striking feature about the materials the parties have provided is the absence of any clearly stated legislative intent to impose personal liability on nonemployer individuals in addition to defining prohibited conduct for which employers may be liable. If anything, this circumstance supports Selkirk's position. But, on balance, we find the legislative history of little assistance either way.

Plaintiff argues that imposing personal liability on coworkers is necessary to deter harassment effectively. In *Reno* v. *Baird*, *supra*, 18 Cal.4th 640, we noted that because the employer would be liable for discrimination, employees are protected even if nonemployer individuals are not personally liable. "[E]mployers will not condone discriminatory acts by their supervisory employees, because the employers must ultimately pay. Furthermore, supervisors will not escape punishment. . . . Supervisors guilty of engaging in unlawful discrimination, and thus causing their employers to incur monetary liability, will often suffer demotion or unemployment." (*Id.* at p. 662.) Plaintiff argues that this reasoning has no application to harassment because an employer is not always liable for harassment by nonsupervisors. However, the Legislature has obligated the employer to take immediate and appropriate action when it is or should be aware of the harassment, for example, when the victim informs the employer. This obligation forces employers to control and, as necessary, discipline their employees. The statute deters coworker harassment with or without personal liability. Moreover, the statute also compels employers to "take all reasonable steps to prevent harassment from occurring." (§ 12940(h)(1).) In light of these duties, employers should take a very dim view of all forms of harassment, whether by supervisors or others.

Relying heavily on law review articles, plaintiff argues that this court "cannot rely upon employers to provide effective deterrence at the coworker level." This argument is best directed to the Legislature, which can study the various policy and factual questions and decide what rules are best for society. Our role here is to interpret the statute, not to establish policy. The latter role is for the Legislature. Under the current statutory language, it appears the Legislature relies primarily on the employer to take appropriate action and wants courts to become involved only if the harassment is by a supervisor or if the employer fails to fulfill its statutory duty. Whether such reliance on the employer is sufficiently effective is not for us to say. If the Legislature believes it necessary or desirable to impose individual liability on coworkers, it can do so. But we believe that had it already intended to do so, it would have used clearer language than that found in section 12940(h)(1).

We note also that federal law does not impose personal liability on individuals. As the Court of Appeal stated, "The federal appellate courts have unanimously held an individual employee—whether supervisory or nonsupervisory—cannot be personally liable for hostile work environment sexual harassment under title VII [of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.)]." (E.g., *Miller* v. *Maxwell's Intern. Inc.* (9th Cir. 1993) 991 F.2d 583, 587-588; see generally, *Reno* v. *Baird, supra,* 18 Cal.4th at pp. 647-650; *Page* v. *Superior Court, supra,* 31 Cal.App.4th at pp. 1215-1216.) The Court of Appeal also noted that these federal cases do not control our interpretation of the different statutory language of the FEHA: "For example, title VII imposes liability for sexual harassment on an 'employer' (42 U.S.C. § 2000e-2(a)) . . . . Thus, title VII lacks the 'any other person' language on which Carrisales relies." However, the failure of title VII (42 U.S.C. § 2000e et seq.), which generally has a similar intent and purpose as the FEHA (*Reno* v. *Baird, supra,* 18 Cal.4th at p. 659), to impose personal liability on individuals undercuts plaintiff's policy arguments.

We thus conclude that, although section 12940(h)(1) prohibits any "person" from harassing an employee, it imposes on the *employer* the duty to take all reasonable steps to prevent this harassment from occurring in the first place and to take immediate and appropriate action when it is or should be aware of the conduct. Consistent with the FEHA's primary concern with unlawful employment *practices,* it does not also impose personal liability for harassment on nonsupervisory coworkers.

## III. CONCLUSION

We affirm the judgment of the Court of Appeal.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Brown, J., concurred.