Albert PLUTE, Plaintiff,

v.

ROADWAY PACKAGE SYSTEM, INC.,
dba RPS Inc., FDX Inc., dba FedEx
Ground Inc., Stacy Shoun, Mark Freel
and Does 1–20, Defendants.

No. C 01–0353 SI.

United States District Court,
N.D. California.

April 18, 2001.

Christopher B. Dolan, CBD The Dolan Law Firm, San Francisco, CA.

James M. Nelson, Tory E. Griffin, Downey Brand Seymour & Rohwer, Sacramento, CA.

**ORDER GRANTING MOTION TO REMAND; DENYING AS MOOT MOTIONS TO STRIKE, TO STAY AND TO COMPEL ARBITRATION; AND REMANDING ACTION TO THE ALAMEDA COUNTY SUPERIOR COURT**

ILLSTON, District Judge.

On April 18, 2001, the Court heard argument on plaintiff's motion to remand and defendants' motion to strike and motion to stay this action and compel arbitration. Having carefully considered the arguments of the parties and the papers submitted, the Court hereby GRANTS plaintiff's motion and DENIES defendants' motions as moot, for the reasons set forth below.

### BACKGROUND

This employment discrimination action involves plaintiff Albert Plute's experience as a delivery driver for defendant FedEx

Ground, Inc. ("FedEx").[1] Plute began working for FedEx in August 1994. Compl. ¶ 16. He claims that FedEx and two of his supervisors, Stacy Shoun ("Shoun") and Mark Freel ("Freel"), subjected him to discriminatory comments and unequal terms of employment on account of his age. *See* Compl. ¶¶ 21–24. Plute is over the age of 40. Compl. ¶ 17. Beginning in 1995, Plute complained about and participated in an investigation of the alleged wrongful treatment. Compl. ¶ 19. He claims that defendants nonetheless continued their behavior and retaliated against him for exercising his rights. Compl. ¶¶ 23–24. On or about August 18, 1999, FedEx terminated Plute. Compl. ¶ 25.

Plute filed suit in Alameda County Superior Court on August 16, 2000, against FedEx and his supervisors in their individual capacity, alleging age discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), breach of contract, intentional infliction of emotional distress, and an alternative claim under the Unruh Act. FedEx removed the action to this Court on January 22, 2001, on the basis of diversity jurisdiction. *See* Notice of Removal ¶ 1. Plute is a California resident, and FedEx is a Delaware corporation with its principal place of business is in Pennsylvania. *Id.* at ¶¶ 2–3. According to FedEx, California residents Shoun and Freel were fraudulently joined in the action in order to defeat complete diversity of citizenship. *Id.* at ¶ 5.

Presently before the Court are plaintiff's motion to remand, FedEx's motion to strike Shoun and Freel as defendants, and FedEx's motion to stay the action and compel arbitration. The Court finds that defendants cannot demonstrate complete diversity of citizenship between the parties, and consequently, this matter must be remanded. The Court does not reach defendants' motions, which should be raised in state court.

## LEGAL STANDARD

■■■ A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir.1977). A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).

## DISCUSSION

Plaintiff argues that removal was improper and this action must be remanded because complete diversity of citizenship does not exist. Plaintiff and defendants Shoun and Freel are all California residents. FedEx argues that defendants Shoun and Freel must be ignored for diversity jurisdiction purposes because Plute

---

1. FedEx claims that it was erroneously and cumulatively named as Roadway Package Systems, Inc. d/b/a FDX Inc. d/b/a FedEx Ground, Inc.

has not stated a viable claim against them. FedEx contends that Shoun and Freel were fraudulently joined for the sole purpose of defeating diversity of citizenship.

 A district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent.[2] *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir.1991). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988).

Courts have denied a claim of fraudulent joinder when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant. *See Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995) ("The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court."); *Good v. Prudential Insurance Company of America*, 5 F.Supp.2d 804, 807 (N.D.Cal.1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.").

 In determining whether a defendant was joined fraudulently, the courts must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson*, 951 F.2d at 42–43. Furthermore, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand [citation], and a lack of clear precedent does not render the joinder fraudulent." *Archuleta v. American Airlines, Inc.*, 2000 WL 656808, *4 (C.D.Cal.2000) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992), and *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, *3 (N.D.Cal. 1996)). The court may look beyond the pleadings and consider affidavits or other evidence to determine if the joinder was a sham. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir.2001) (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.")); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998).

Plute asserts two causes of action against Shoun and Freel in their individual capacity: retaliation in violation of FEHA, Cal. Gov.Code § 12940(h), and intentional infliction of emotional distress. To prove fraudulent joinder, FedEx must establish that, under settled California law, it obviously was not possible to bring these claims against Shoun and Freel.

FedEx contends that Plute was an independent contractor, and thus, cannot sue for retaliation because FEHA protects only employees. Additionally, FedEx as-

---

2. The term "fraudulent joinder" is a term of art, used for removal purposes, and does not connote any intent to deceive on the part of

plaintiff or his counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D.Cal.1979), *aff'd*, 710 F.2d 549 (9th Cir.1983).

serts that individual supervisors such as Shoun and Freel cannot be held liable for retaliation under FEHA. Plute counters that he was an employee, not an independent contractor, and that California courts recognize supervisor liability under FEHA's anti-retaliation provision.

█ The Court need not determine whether independent contractors have standing to sue under FEHA's anti-retaliation provision [3] because FedEx has not established that Plute indeed was an independent contractor. Plute alleged in his complaint, and argues here, that he was FedEx's employee, see Compl. ¶ 16; Reply in Supp. of Remand 2:7–13, and FedEx's claim that Plute was really an independent contractor involves disputed factual issues.

█ Under California law, "[t]he principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *S.G. Borello & Sons, Inc. v. Dep't Industrial Relations*, 48 Cal.3d 341, 350, 256 Cal.Rptr. 543, 769 P.2d 399 (1989); *see also Lumia v. Roper Pump Co.*, 724 F.Supp. 694, 696 (N.D.Cal.1989) (citing *Societa Per Azioni De Navigazione Italia v. City of Los Angeles*, 31 Cal.3d 446, 183 Cal.Rptr. 51, 645 P.2d 102 (1982)). While control is the key factor, California courts have recognized other indicia that are relevant to defining employment status. Derived from the Restatement Second of

Agency § 220, these considerations include:

(a) whether the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee.

*S.G. Borello*, 48 Cal.3d at 351, 256 Cal.Rptr. 543, 769 P.2d 399 (citations omitted). As this multiple-factor approach suggests, a person's status as an employee or independent contractor is a question of fact, but may be determined as a matter of law if all material facts are undisputed. *Id.* at 349, 256 Cal.Rptr. 543, 769 P.2d 399; *accord Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 867 (9th Cir.1996) (whether person is employee or partner requires analysis of "the true relationship" and "typically requires a factual inquiry which goes beyond merely the

**3.** Contrary to FedEx's position, it is not settled that independent contractors cannot sue under FEHA's anti-retaliation provision. The California Supreme Court has not squarely ruled that independent contractors do not have standing to raise retaliation claims. There is, however, some indication from lower courts to this effect. In *Sada v. Robert F. Kennedy Medical Ctr.*, 56 Cal.App.4th 138, 157–159, 65 Cal.Rptr.2d 112 (1997), the court considered opposing arguments concerning whether an independent contractor has standing to sue for retaliation under FEHA, and found the arguments against standing significantly more persuasive. However, the court declined to definitively resolve the issue, finding it unnecessary to the case because the plaintiff's termination claim was not premised on her status as an independent contractor. *Id.* at 159, 65 Cal.Rptr.2d 112. Ultimately, the court did not hold that independent contractors cannot sue for retaliation under FEHA.

partnership agreement and the 'partner' label.").

FedEx principally asserts one argument why Plute was an independent contractor: the only contract governing Plute's relationship with FedEx was a Pick–Up and Delivery Contractor Operating Agreement ("Operating Agreement"), which expressly called for an independent contractor relationship.[4] Oppo. to Remand 6; *see also* Declaration of Stacy Shoun in Supp. Mtn. Compelling Arb. ("Shoun Decl."), ¶¶ 2–3 and Ex. A (Operating Agreement). This fact is not dispositive because, under the applicable rules for determining employment status, the substance of the relationship is more controlling than its form. *See Borello*, 48 Cal.3d at 349, 256 Cal.Rptr. 543, 769 P.2d 399 ("The label placed by the parties on their relationship is not dispositive."); *Martin v. Phillips Petroleum Co.*, 42 Cal.App.3d 916, 919, 117 Cal.Rptr. 269 (1974) ("The contract cannot affect the true relationship of the parties to it. Nor can it place an employee in a different position from that which he actually held.").

FedEx makes no reference to the terms of the Operating Agreement or the actual details of the work relationship between Plute and FedEx. There is evidence, however, to suggest that Plute did not possess the sort of broad control over his job that is indicative of an independent contractor relationship. According to Plute, FedEx controlled his delivery routes, supplied him with tools and equipment, and imposed supervision. Compl. ¶¶ 22–24; *see also* Operating Agreement at § 1.10 (manner of operating business), § 5.1 (assignment of delivery routes). Based on allegations like these, Plute claims that his employment status "is likely to be a hotly contested issue." Reply in Supp. of Remand 2:9. However this prediction unfolds and whether Plute ultimately prevails on this issue is not important for purposes of this motion to remand. Plute has demonstrated that determination of his employment status involves disputed questions of fact, and consequently, this Court cannot find as a matter of law that Plute was an independent contractor.

Assuming that Plute was an employee, FedEx maintains that he cannot sue Shoun and Freel because FEHA does not recognize supervisor liability in claims of retaliation. Defendants' argument is deduced from the reasoning of two recent California Supreme Court cases—*Reno v. Baird*, 18 Cal.4th 640, 76 Cal.Rptr.2d 499, 957 P.2d 1333 (1998), and *Carrisales v. Dep't of Corrections*, 21 Cal.4th 1132, 90 Cal. Rptr.2d 804, 988 P.2d 1083 (1999)—and a recent amendment to FEHA in response to the *Carrisales* decision.

In *Reno*, the California Supreme Court held that supervisors could not be held liable under FEHA's general anti-discrimination provision. *Reno*, 18 Cal.4th at 663, 76 Cal.Rptr.2d 499, 957 P.2d 1333. In rendering this decision, the court was concerned that "imposing liability on individual supervisory employees would do little to enhance the ability of victims of discrimination to recover monetary damages,

---

4. FedEx also argues that the Complaint does not particularly attribute any conduct to Shoun or Freel, thus failing to state a claim of retaliation against them. The allegations forming Plute's retaliation claim are ascribed to "Defendants," which was designated as including Shoun and Freel. Compl. ¶ 18. Under the liberal pleading requirements, these general allegations are sufficient to charge Shoun and Freel with the alleged wrongful conduct. *See Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994), *cert. denied*, 515 U.S. 1173, 115 S.Ct. 2640, 132 L.Ed.2d 878 (1995) (courts must interpret general allegations to "embrace whatever specific facts might be necessary to support them.").

while it can reasonably be expected to severely impair the existence of supervisory judgment." *Id.* at 651–52, 76 Cal. Rptr.2d 499, 957 P.2d 1333. According to the court, this concern was embodied in FEHA's differential approach to harassment and discrimination. FEHA prohibits "an employer ... or any other person" from harassing an employee, Cal. Gov. § 12940(j)(1), but prohibits only "an employer" from engaging in improper discrimination. Id. at § 12940(a). The court explained that "harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives.... Discrimination claims, by contrast, arise out of the performance of necessary personnel management duties." *Reno,* 18 Cal.4th at 645–46, 76 Cal.Rptr.2d 499, 957 P.2d 1333 (quoting *Janken v. GM Hughes Electronics,* 46 Cal.App.4th 55, 62–63, 53 Cal.Rptr.2d 741 (1996)). To avoid creating supervisory conflicts of interest and a chilling of effective management, the court concluded that the Legislature did not intend to hold supervisors liable for unlawful discrimination. *Id.* at 654, 76 Cal.Rptr.2d 499, 957 P.2d 1333.

Though *Reno*'s reasoning suggested so,[5] the court did not hold that employees could be held liable for harassment. *Id.* at 645 n. 2, 76 Cal.Rptr.2d 499, 957 P.2d 1333 (expressing no opinion "regarding individuals' liability for harassment."). In *Carrisales,* the California Supreme Court answered this question in part by exempting nonsupervisory coworkers from liability for harassment. *Carrisales,* 21 Cal.4th at 1140, 90 Cal.Rptr.2d 804, 988 P.2d 1083. The court based its holding on a finding that the California Legislature "relies pri-

marily on the employer to take appropriate action and wants courts to become involved only if the harassment is by a supervisor or if the employer fails to fulfill its statutory duty." *Id.*

The California Legislature has recently followed up *Reno* and overturned *Carrisales* by adding an amendment to FEHA's harassment provision expressly holding individual employees liable for their harassment. *See* Cal. Gov.Code § 12940(j)(3) (effective Jan. 1, 2001).

FedEx argues that *Reno* should be extended to preclude supervisor liability for retaliation because "[l]ike discrimination claims, claims of retaliation are also founded on personnel decisions which are an inherent part of the supervisory function." Oppo. to Remand 8:6–8. Additionally, FedEx notes that the California Legislature did not include a similar amendment to the separate retaliation provision (which includes language similar to the harassment provision) when it amended FEHA to hold individual employees liable for harassment. *Id.* at 9–10, 76 Cal.Rptr.2d 499, 957 P.2d 1333. FedEx argues that this conspicuous omission indicates that the Legislature did not intend to create personal liability for supervisors in retaliation claims. *Id.* at 10, 76 Cal.Rptr.2d 499, 957 P.2d 1333.

FedEx's policy-based and statutory construction arguments demonstrate that FedEx cannot meet the standard for fraudulent joinder: FedEx has not demonstrated that *settled* California law precludes Plute from suing his former supervisors for retaliation. Neither *Reno* nor *Carrisales* expressed an opinion on supervisor liability for retaliation. *See Carrisales,* 21 Cal.4th at 1138 and n. 3, 90 Cal.Rptr.2d 804, 988

---

5. One member of the *Reno* court noted that "the majority's rule does not foreclose the possibility that in some instances of discriminatory harassment, both an employer and a supervisor or other employee individually will be held liable under FEHA." *Reno,* 18 Cal.4th at 665, 76 Cal.Rptr.2d 499, 957 P.2d 1333 (Mosk, J., concurring).

P.2d 1083; *Reno* 18 Cal.4th at 645 n. 2, 76 Cal.Rptr.2d 499, 957 P.2d 1333. However, two California courts of appeal have previously addressed the issue specifically and found that supervisors, as well as co-workers, can be liable for retaliation under FEHA. *See Page v. Superior Court,* 31 Cal.App.4th 1206, 1212, 37 Cal.Rptr.2d 529 (1995) (holding that supervisors are personally liable under FEHA for harassment and retaliation claims); *Fisher v. San Pedro Peninsula Hospital,* 214 Cal.App.3d 590, 613, 262 Cal.Rptr. 842 (1989) (holding that co-workers can be held liable for retaliation claims under FEHA). Although no definitive holding has issued from the Ninth Circuit, many federal district courts have agreed with *Page* and *Fisher* and found that supervisors can be personally liable for retaliation under FEHA.[6]

Federal district courts and lower courts in California have allowed retaliation claims against supervisors. Although these cases do not create binding California law, they are nonetheless an indication that it is possible that Plute may prevail on his retaliation claim against Shoun and Freel. *See Parks v. New York Times Co.,* 308 F.2d 474, 477 (5th Cir.1962) (lack of clear precedent does not render a joinder fraudulent). FedEx thus has not meet its burden of demonstrating that Shoun and Freel were fraudulently joined. This matter must be remanded because complete diversity of citizenship is lacking.

The Court need not reach FedEx's additional argument that Plute cannot possibly state a claim against Shoun and Freel for intentional infliction of emotional distress. Furthermore, the Court's decision to remand renders moot FedEx's motion to strike Shoun and Freel as defendants and motion to stay this action and compel arbitration. These matters should be taken up with the state court.

As a final matter, Plute requests an award of costs, including attorney's fees, should this Court grant its motion to remand. The removal statute provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court has broad discretion under this provision. *See Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 447 (9th Cir. 1992) (award or denial of costs and fees pursuant to this section is reviewed for abuse of discretion). The Court finds that an award of costs and fees is not warranted in this case, given that the removal was based on a reasonable and supported interpretation of unsettled California law. Plute's request for costs and fees is DENIED.

### CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand. Defendants' motion to strike and motion to stay this action and compel arbitration are DENIED as moot. It is ORDERED that this case is remanded forthwith under 28

---

**6.** *See Peterson v. Santa Clara Valley Med. Ctr.,* No. C 98–20367–JW, 2000 WL 98262, *2–3 (N.D.Cal.2000); *Archuleta v. American Airlines, Inc.,* No. C 00–1286–MMM–(SHX), 2000 WL 656808, *13 (C.D.Cal.2000); *Liberto-Blanck v. City of Arroyo Grande,* 33 F.Supp.2d 1241, 1244 (C.D.Cal.1999); *Kaminski v. Target Stores,* No. C 98–2271–THE, 1998 WL 575097, *2 (N.D.Cal.1998); *Howell v. Federal Express Corp.,* No. C 96–3215–MMC, 1997 WL 88377, *3 (N.D.Cal.1997); *Rhinehart v. International Business Machines,* No. C 95–0154–DLJ, 1996 WL 209718, *6 (N.D.Cal.1996); *Zachlod v. California Public Utilities Comm'n,* No. C 95–2160–CW, 1995 WL 848952, *5 (N.D.Cal.1995). *But see Hall v. City of Brawley,* 887 F.Supp. 1333, 1346 (S.D.Cal.1995) (analogizing to Title VII, and holding that there can be no individual liability for retaliation).

U.S.C. § 1447(c) to the Superior Court of Alameda County.

**IT IS SO ORDERED.**