Lisa Anne ALDERMAN, Plaintiff,

v.

PITNEY BOWES MANAGEMENT SERVICES, INC; Phil Olt; David Webster and Does 1 Through 15, Inclusive, Defendants.

No. C–01–4990 VRW.

United States District Court, N.D. California.

March 18, 2002.

John Frederick NMounier, Jr., Mounier Law Group, Sacramento, CA, for Lisa Anne Alderman.

Eric A. Grover, Valerie L. Sharpe, Littler Mendelson, P.C., San Francisco, CA, for Pitney Bowes Management Services, Inc., Phil Olt, David Webster.

## ORDER

WALKER, District Judge.

Plaintiff moves to remand to state court. Doc # 7. Defendant Pitney Bowes Management Services (PBMS) moves to dismiss plaintiff's first two causes of action and to strike Doe defendants. Doc # 5.

Plaintiff filed suit in San Francisco superior court on July 25, 2001, alleging that she was unlawfully subjected to sexual harassment and discrimination during her employment at PBMS. See Compl (Doc # 1, Exh B). Plaintiff was hired by PBMS as a customer service associate in November 1992. See id at ¶ 20. In May 1998, plaintiff was assigned to the PBMS account at the Howard Rice law firm in San Francisco. See id at ¶ 21. According to plaintiff's complaint, approximately one to two months after this assignment, plaintiff began to be sexually harassed by her manager, defendant Phil Olt. See id at ¶ 22. This harassment allegedly involved repeated and uninvited direct physical contact. Id. Beginning in December 1998, plaintiff alleges that a co-worker, defendant David Webster, also began sexually to harass plaintiff. See id at ¶ 23. This alleged harassment also involved repeated and uninvited direct physical contact. Plaintiff asserts that she complained of this harassment and that this complaint led to her being transferred to a less desirable position. See id at ¶ 31.

In her complaint, plaintiff brings eight causes of action: (1) violation of California Business & Professions Code § 17200; (2) aiding and abetting violation of § 17200; (3) discrimination in violation of California Fair Employment and Housing Act (FEHA); (4) harassment in violation of FEHA; (5) failure to investigate in violation of FEHA; (6) retaliation in violation of FEHA; (7) violation of California's Labor Code § 1050; and (8) intentional infliction of emotional distress. The first two claims are brought against Olt and Webster and the remaining claims are brought against PBMS.

On December 19, 2001, PBMS removed to this court. Doc # 1. This removal was based on diversity jurisdiction, as PBMS alleges that the two non-diverse defendants, Olt and Webster, are sham defendants who have been fraudulently joined. See Def Opp Br (Doc # 14) at 1. Olt and Webster are, admittedly, both California residents, as is plaintiff. PBMS is a Delaware corporation.

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 USC § 1441(a). A motion to remand is the appropriate method of challenging removal. An action may be remanded to state court because the feder-

al court lacks subject matter jurisdiction or because of a defect in the removal procedure. 28 USC § 1447(c). The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand. See *Plute v. Roadway Package System, Inc.*, 141 F Supp 2d 1005, 1007 (N.D.Cal.2001), citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).

■ "A district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent." *Plute*, 141 F Supp 2d at 1007. "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Id.*, citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n3 (9th Cir1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). A defendant seeking to establish removal jurisdiction is entitled to present facts showing the joinder to be fraudulent. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

■ PBMS contends that Olt and Webster are sham defendants because, even accepting the facts as pled by plaintiff, Olt and Webster are not subject to liability for violation of California Business and Professions Code § 17200 et seq. See Def Opp Br (Doc # 14) at 1. As noted above, Olt and Webster are presently only named as defendants to plaintiff's first two causes of action. Section 17200 seeks to protect business competitors and consumers by prohibiting unfair competition, which includes "any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising * * *." Cal Bus & Prof Code § 17200.

PBMS contends that Olt and Webster cannot be subject to liability under this section because the sexual harassment complained of by plaintiff was not a business practice and § 17200 only prohibits unlawful business practices. See Def Opp Br (Doc # 14) at 3. PBMS also contends that Olt and Webster cannot be subject to individual liability under § 17200 because they did not have sufficient control over PBMS. See id.

PBMS may well be correct that plaintiff has failed to state a valid cause of action against Olt and Webster under § 17200. As a result, a strictly mechanical reading of fraudulent joinder doctrine, focusing solely on plaintiff's complaint as pled, may suggest that removal jurisdiction exists. The court does not find it appropriate, however, to confine its consideration in this manner.

The court is particularly reluctant to hold that Olt and Webster are sham defendants because Olt and Webster are the individuals that engaged in the conduct for which plaintiff seeks a remedy. Moreover, there is little doubt that plaintiff could name Olt and Webster as individual defendants to some of the claims in plaintiff's complaint, including the claim for sexual harassment under FEHA. See *Plute*, 141 F Supp 2d at 1011. Plaintiff clearly intends to impose individual liability upon Olt and Webster. See Pl Br (Doc # 8) at 3 (noting that "[p]laintiff sues Olt and Webster for their own conduct * * *."). At oral argument in this matter, on March 7, 2002, plaintiff, through counsel, reiterated her intention to pursue claims against Olt and Webster for their individual conduct and stated that her apparent failure to do so under FEHA in her complaint was a result of inartful pleading. In order to seek liability against Olt and Webster under FEHA, plaintiff would not be required to allege any additional facts, but simply would have to clarify, in her complaint, that certain claims already in the

complaint are also brought against Olt and Webster. Because the removing party bears the heavy burden of establishing jurisdiction and, consequently, the presence of sham defendants, "doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Lewis v. Time, Inc.,* 83 F.R.D. 455, 460 (E.D.Cal. 1979).

As noted, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute,* 141 F Supp 2d at 1007. See also, *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983) ("The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the instant defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.").

The court has not been able to find another case, in any circuit, in which a court was faced with an allegation of fraudulent joinder, when, under the facts alleged, the alleged sham defendants could clearly have been named as defendants to causes of action in plaintiff's complaint, but were not so named due to inartful pleading. The court notes, however, that when the theory of a complaint is unclear or inartfully pled, as here, courts have not confined their focus to the claim explicitly brought against the alleged sham defendant. See, e g, *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995) (noting that as the burden of proving fraudulent joinder is a heavy one, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court" and considering causes of ac-

tion not in plaintiff's complaint); *Good v. Prudential Ins. Co. of America,* 5 F Supp 2d 804, 807 (N.D.Cal.1998) (noting that "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant" and considering a theory of liability not in plaintiff's complaint).

From these considerations, the court concludes that an overly mechanistic approach to defendant's fraudulent joinder claim is not appropriate. Because defendant bears a heavy burden of establishing the presence of sham defendants, because plaintiff has avowed her desire to seek individual liability against the defendants in question and can, undoubtedly, so seek liability under the facts alleged and the causes of action pled in plaintiff's complaint, the court determines that defendant has not carried its burden of demonstrating fraudulent joinder and, consequently, the existence of removal jurisdiction.

This matter, therefore, must be remanded to state court, as complete diversity of citizenship is lacking. The court's decision to remand renders moot PBMS's motion to dismiss and strike, which may be taken up in state court. The court declines, however, to award fees and costs to plaintiff. Although the court has determined that removal was not proper, defendant's removal notice was not unreasonable.

In sum, plaintiff's motion to remand (Doc # 7) is GRANTED. PBMS's motion to dismiss and strike (Doc # 5) is TERMINATED as moot. The court ORDERS this matter to be REMANDED to San Francisco superior court. The clerk is directed to close the file and terminate all pending motions.

IT IS SO ORDERED.