Rosemary S. DACOSTA and Ricardo S. Dacosta, husband and wife, Plaintiffs,

v.

NOVARTIS AG, Novartis Pharmaceuticals Corporation, and Leonard Weaver, Defendants.

No. CV 01–800–BR.

United States District Court, D. Oregon.

Aug. 31, 2001.

Michael L. Williams, Brian S. Campf, Leslie W. O'Leary, Williams Dailey & O'Leary, P.C., Portland, OR, for Plaintiffs.

Mark H. Wagner, Kenneth D. Renner, Ruth Cabby Rocker, Hoffman, Hart & Wagner, LP, Portland, David W. Fowler, Frank Leone, Jr., Rebecca A. Womeldorf, Andrea Kochan Neagle, Spriggs & Hollingsworth, Washington, DC, for Defendants Novartis Pharmaceuticals Corporation and Leonard Weaver.

Paul T. Fortino, Erick J. Haynie, Perkins Coie LLP, Portland, OR, for Defendant Novartis AG.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447(# 7) and Defendant Novartis Pharmaceuticals Corporation's Motion to Strike Plaintiffs' Exhibits (# 10). For the following reasons, Plaintiffs' Motion to Remand is **DENIED without prejudice** with leave to renew, and Defendant Novartis Pharmaceuticals's Motion to Strike is **DENIED**.

## BACKGROUND

Plaintiffs allege Plaintiff Rosemary DaCosta (DaCosta) suffered severe heart in-

juries due to Defendants' failure to warn Plaintiffs' physician about certain health risks associated with the drugs DHE–45 and Cafergot. Plaintiffs assert Defendants Novartis AG and Novartis Pharmaceuticals Corporation are engaged in the business of researching, developing, manufacturing, marketing, distributing, and selling pharmaceutical products, including the drugs DHE–45 and Cafergot. Plaintiffs contend Defendant Weaver, a pharmaceutical sales representative for Defendant Novartis Pharmaceuticals, promoted and sold the drugs DHE–45 and Cafergot to DaCosta's physician, Dr. Hubert Leonard, who is not a party to this action. Plaintiffs further allege DaCosta and her physician relied upon Defendants' assurances that DHE–45 and Cafergot were safe drugs.

Plaintiffs filed their action in Multnomah County Circuit Court on April 27, 2001. On May 31, 2001, within 30 days after service of process, Defendant Novartis Pharmaceuticals removed the action to this United States District Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. In the Amended Notice of Removal, Defendant Novartis Pharmaceuticals asserted Defendant Weaver is a sham defendant, fraudulently joined, whose Oregon citizenship should be disregarded in evaluating whether there is complete diversity of citizenship among the parties.

### MOTION TO REMAND

In support of their Motion to Remand, Plaintiffs contend Defendant Weaver is not fraudulently joined as a defendant, Plaintiffs and Defendant Weaver are citizens of the same state,[1] and, as a result, diversity jurisdiction is defeated.

1. Plaintiffs are residents of Oregon, Defendant Novartis AG is a company organized under the laws of Switzerland, Defendant Novartis Pharmaceuticals is a New Jersey corpo-

### STANDARDS

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). 28 U.S.C. § 1332(a) authorizes district courts to exercise original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, the parties are citizens of different states, and citizens or subjects of a foreign state are additional parties. A motion to remand is the proper procedure for challenging removal. *See Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.,* 69 F.3d 1034, 1038 (1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (citations omitted). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).

For removal to be valid based on diversity jurisdiction, 28 U.S.C. § 1332(a) "requires complete diversity of citizenship." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001). One exception to the requirement of complete diversity, however, is when a non-diverse defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction. *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987).

A district court may disregard a non-diverse party named in the state court complaint and retain jurisdiction if joinder of the non-diverse party is a sham or fraudulent. *Plute v. Roadway Package*

ration with its principal place of business in New Jersey, and Defendant Weaver is an Oregon resident.

*System, Inc.,* 141 F.Supp.2d 1005, 1008 (N.D.Cal.2001) (citation omitted). Fraudulent joinder does not impugn the integrity of Plaintiffs or their counsel and does not refer to an intent to deceive. *Lewis v. Time Inc.,* 83 F.R.D. 455, 460 (E.D.Cal. 1979) *aff'd,* 710 F.2d 549 (9th Cir.1983). Instead, it is a term of art that means:

> Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.

*Morris,* 236 F.3d at 1067 (internal quotations and citations omitted).

■ A defendant seeking removal to federal court "is entitled to present the facts showing the joinder to be fraudulent." *McCabe,* 811 F.2d at 1339 (citation omitted). *See also Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir.), *cert. denied,* 525 U.S. 963, 119 S.Ct. 407, 142 L.Ed.2d 330 (1998). To resolve fraudulent joinder claims, the Court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and deposition testimony. *Morris,* 236 F.3d at 1067 (citation omitted).

■ A district court resolves all questions of disputed fact and controlling law against the party seeking removal. *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995) (citations omitted). Removal to federal court will be sustained, however, if the removing party demonstrates there is no possibility the plaintiff can state a cause of action against the non-diverse defendant. *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992). *See also Ritchey,* 139 F.3d at 1318 ("[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory.").

## DISCUSSION

### A. Procedural Defect In Notice of Removal

Plaintiffs argue Defendant Novartis Pharmaceuticals's removal notice is procedurally defective because it does not sufficiently allege essential facts to support a claim of fraudulent joinder. Defendant Novartis Pharmaceuticals counters Plaintiffs' allegation of a procedural defect is untimely because (1) such an assertion must be raised within 30 days from the date a notice of removal is filed, and (2) Plaintiffs did not make such an assertion until they filed their Reply on July 5, 2001, more than 30 days after the Notice of Removal was filed.

■ 28 U.S.C. § 1447(c) provides: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." In spite of the fact Plaintiffs first raised the issue of a procedural defect more than 30 days after the Notice of Removal was filed, Plaintiffs maintain they timely asserted the procedural defect by filing their Motion to Remand within the 30–day period. The Ninth Circuit held otherwise, however, in *Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.,* 69 F.3d 1034 (9th Cir. 1995). In that case, the plaintiffs did not raise the issue of a defect in removal procedure as a ground for remand until they filed their reply brief more than 30 days after the date the removal petition was filed. *Id.* at 1037. The Ninth Circuit held "§ 1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed." *Id.* The Court of Appeals vacated the district court's order to remand the case to state court and reasoned, "the critical date is not when a

motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand." *Id.* In accordance with the Ninth Circuit's holding, this Court has no authority to remand the case based on Plaintiffs' untimely assertion of a defect in the removal procedure.

■ Even if Plaintiffs had timely alleged a procedural defect in the Notice of Removal, Defendant Novartis Pharmaceuticals's statement of grounds for removal would suffice under the applicable federal statute. 28 U.S.C. § 1446(a) requires a party who seeks to remove a civil action from a state court to provide "a short and plain statement of the grounds for removal." Defendant Novartis Pharmaceuticals asserted in its Amended Notice of Removal:

> Leonard Weaver is a sham defendant who has been fraudulently joined in this matter. The Complaint filed in the state court action fails to state any colorable claim against Leonard Weaver since he was neither a 'manufacturer, distributor, seller or lessor' of the drug products at issue in this case, and owed no duty to plaintiff, as a matter of law, as alleged in the Complaint. Accordingly, Leonard Weaver's citizenship should be disregarded for purposes of removal.

This statement plainly asserts the basis for Defendant Novartis Pharmaceuticals's contention that Defendant Weaver was fraudulently joined.

### B. Defendant Weaver's Potential Liability

Plaintiffs argue the Court must accept the factual allegations in their Complaint as true. In their Complaint, Plaintiffs assert claims of fraud, strict liability, and professional negligence against Defendant Weaver. Plaintiffs contend Defendant Weaver was obligated to develop a positive, professional relationship with DaCosta's physician and to give DaCosta's physician up-to-date information about the benefits and risks of prescribing DHE–45 and Cafergot to patients. Plaintiffs maintain Defendant Weaver marketed and sold the drugs made by Defendants Novartis AG and Novartis Pharmaceuticals to DaCosta's physician; was aware of the dangers associated with the use of DHE–45 and Cafergot; knew the labels, advertisements, and promotional materials for such drugs were "materially false and misleading"; and failed to provide essential information and adequate warnings to DaCosta's physician.

Plaintiffs maintain joinder of Weaver as a defendant is proper and remand of this action is mandatory if the state court could conclude Plaintiffs' Complaint states a cause of action against a drug "detail" man. Plaintiffs further contend they have alleged three legitimate theories of liability against Defendant Weaver, and Weaver's citizenship, therefore, destroys complete diversity among the parties. Accordingly, Plaintiffs assert the Court is required to remand the case to state court.

Defendant Novartis Pharmaceuticals correctly argues, however, it is not limited to the allegations in Plaintiffs' Complaint, but is entitled, as a removing defendant, to present facts to show Plaintiffs' joinder of Weaver as a defendant is fraudulent. *See Ritchey,* 139 F.3d at 1318 (citations omitted). *See also Morris,* 236 F.3d at 1067. Accordingly, Defendant Novartis Pharmaceuticals submits the Affidavit of Leonard Weaver.

Defendant Weaver stated he was first employed by Defendant Novartis Pharmaceuticals as a sales representative in 1997, long after DaCosta was first prescribed DHE–45 and Cafergot by her physician. Weaver explained he promotes and provides information about certain drugs to doctors as Novartis Pharmaceuticals's sales representative, which is referred to as "detailing." Weaver stated Defendant

Novartis Pharmaceuticals determines the drugs Weaver promotes at any given time. Weaver stated in his Affidavit that he does not sell drugs, does not take or process orders for drugs, and has no ownership interest in the drugs sold by Defendant Novartis Pharmaceuticals. Additionally, Weaver asserted DHE–45 and Cafergot have not been actively promoted by Defendant Novartis Pharmaceuticals while Weaver has been an employee. Finally, Weaver stated he never detailed DHE–45 or Cafergot to the general public, DaCosta, DaCosta's physician, or any doctor. Plaintiffs presented no evidence to refute Weaver's Affidavit.

■ Because the facts in Weaver's Affidavit would preclude any causal connection between Weaver and Plaintiffs' alleged harm, Defendant Novartis Pharmaceuticals contends there is no possibility an Oregon court would find Weaver liable to Plaintiffs. Accordingly, Defendant Novartis Pharmaceuticals insists Weaver is a legally inappropriate defendant whose citizenship should be ignored, this Court has diversity jurisdiction, and Plaintiffs' Motion to Remand should be denied.

If the statements in Defendant Weaver's Affidavit are accepted as true, the Court agrees Weaver would not be liable to Plaintiffs. Plaintiffs did not submit any affidavits or other evidence to refute Defendant Weaver's Affidavit[2] and noted that "not a stitch of discovery has been taken" and "[d]iscovery is needed to test [Weaver's] assertions."

■ When a removing party presents evidence that establishes a claim of fraudulent joinder, however, the Court has no authority to grant a motion to remand based on the possibility that future discovery may reveal a factual basis to dispute the unchallenged evidence of record. *See Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 393–94 (5th Cir.) (when no proof of contradictory facts to refute fraudulent joinder is submitted by the non-moving party, the court does not assume the non-moving party would later prove the necessary facts to justify remand), *op. after certified question declined,* 236 F.3d 282, 284 (5th Cir.2000).

■ The Court notes a motion to remand may be made at any time before final judgement. *Duncan v. Stuetzle,* 76 F.3d 1480, 1491 (9th Cir.1996) (plaintiff's motion to remand action to state court was timely when filed one week before trial). *See also Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.,* 185 F.3d 978, 981 n. 3 (9th Cir.1999)(a challenge to federal court subject matter jurisdiction can be made at any time), *cert. denied,* 528 U.S. 1156, 120 S.Ct. 1163, 145 L.Ed.2d 1074 (2000) (citation omitted). Accordingly, although Plaintiffs did not refute the facts contained in Defendant Weaver's Affidavit and the current record is insufficient to grant Plaintiffs' Motion to Remand, Plaintiffs may renew their challenge to this Court's jurisdiction in a later motion submitted with proper evidentiary support. Plaintiffs' Motion to Remand, therefore, is **DENIED without prejudice** with leave to renew.

### MOTION TO STRIKE

Plaintiffs appended a series of exhibits to their Motion to Remand. Defendant Novartis Pharmaceuticals requests the Court to strike the following exhibits on the grounds they lack proper foundation, constitute inadmissible hearsay, and are irrelevant:

Ex. 3 Pharmaceutical Representative magazine (on-line) article titled, "Clos-

---

**2.** The exhibits submitted with Plaintiffs' Motion, which are the subject of Defendant No-

vartis Pharmaceuticals's Motion to Strike, do not contradict Weaver's statements.

ing your docs: Does it have to be so stressful?";

Ex. 4 Novartis Pharmaceuticals Corporation (on-line) sales representative application;

Ex. 5 Guidance for Industry: Industry–Supported Scientific and Educational Activities, 62 Fed.Reg. 64,093 (December 3, 1997);

Ex. 6 Pharmaceutical Representative magazine's (on-line) national directory of regional professional sales representative associations;

Ex. 7 Pharmaceutical Representative magazine and The Certified Medical Representative Institute Inc.'s (on-line) Continuing Education Program information.

Plaintiffs assert "none of [P]laintiffs' arguments depend on these exhibits," but they are proffered as background material to assist the Court in understanding the job of a drug sales representative. Plaintiffs further state they intend to lay a foundation for the admissibility of these exhibits through anticipated depositions in this action.

The Court concludes Plaintiffs' exhibits, even if accepted as true for the purpose of "background," do not refute the statements set forth in Defendant Weaver's Affidavit. If Plaintiffs intend to rely on any of these exhibits in support of a renewed Motion to Remand, they may address the issues of foundation, admissibility, and relevance in their renewed motion. The Motion to Strike filed by Defendant Novartis Pharmaceuticals is **DENIED**.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Remand is **DENIED without prejudice** with leave to renew, and Defendant Novartis Pharmaceuticals's Motion to Strike is **DENIED**.

IT IS SO ORDERED.