Loran DAVIDSON; Eyvette Davidson; Benjamin Davidson, by and through his Conservator; and Loran and Eyvette Davidson, as Personal Representatives of the Estates of Lucien Davidson and Janesse Davidson, Deceased, Plaintiffs,

v.

ARCH CHEMICALS SPECIALTY PRODUCTS, INC., a Delaware corporation; Arch Chemicals, Inc., a Virginia corporation; Arch Specialty Chemicals, Inc., a Delaware corporation; Costco Wholesale Corporation, a Delaware corporation; Olin Corporation, a Virginia corporation; and Lori Medina, Ron Cheek, and Don Dove, individuals, Defendants.

No. CV 04–690–BR.

United States District Court,
D. Oregon.

Dec. 6, 2004.

J. Michael Alexander, D. Keith Swanson, Swanson, Lathen, Alexander & McCann, PC, Salem, OR, William Barton, Barton & Strever, PC, Newport, OR, for Plaintiffs.

Robert E. Barton, Thomas W. Brown, Robert E. Sabido, Cosgrave Vergeer Kester LLP, Portland, OR, Mark G. Arnold, Thomas M. Carney, S. Christian Mullgardt, Husch & Eppenberger, St. Louis, MO, for Arch Chemicals Specialty Products, Inc.; Arch Chemicals, Inc.; Arch Specialty Chemicals, Inc.; and Olin Corp (hereinafter referred to as "Arch").

David A. Ernst, John Kaempf, Bullivant Houser Bailey PC, Portland, OR, for Costco Wholesale Corporation, Lori Medina, Ron Cheek, and Don Dove.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on the Motion to Remand (# 14) filed by Plaintiffs Loran Davidson and Eyvette Davidson, individually; as conservators for Benjamin Davidson, their surviving child; and as personal representatives of the estates of Lucien Davidson and Janesse Davidson, their deceased children.

For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.

## BACKGROUND

Plaintiffs bring this action for wrongful death and personal injury arising from a fire in Plaintiffs' vehicle on or about June 20, 2002, that resulted in the deaths of two minor children and serious burn-related injuries to the deceased children's parents and another minor child. The parents bring this action as individuals in their own right, as conservators for their surviving child, and as personal representatives of the estates of their deceased children.

Plaintiffs allege they purchased a swimming pool chlorination product named "Sock–It" from Defendant Costco Wholesale Corporation's store in Salem, Oregon, on June 20, 2002. Plaintiffs assert Defendants Lori Medina, Ron Cheek, and Don Dove were managers and/or assistant managers in the Costco store at which Plaintiffs purchased "Sock–It", and they had the responsibility to display, market, and sell products at Costco including "Sock–It." Plaintiffs allege Defendant Arch manufactured, packaged, and sold "Sock–It."

Plaintiffs assert they stored "Sock–It" in the rear cargo portion of their vehicle. Plaintiffs contend the product spontaneously ignited as they were riding in the vehicle and immediately engulfed the vehicle in flames, causing the deaths of the two children and serious burns to the survivors.

## PROCEDURAL BACKGROUND

On April 20, 2004, Plaintiffs originally filed this action in the Multnomah County Circuit Court for the State of Oregon.

On May 21, 2004, all Defendants filed a timely Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1441, *et seq.* In their Notice of Removal, Defendants assert Plaintiffs' state court action is properly removable as follows:

1. Under 28 U.S.C. § 1441(b) because, "as a matter of law, [Plaintiffs'] common law claims for damages based on packaging and warnings are preempted by ... the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136v, and ... the Hazardous Materials Transportation Act (HMTA), 49 U.S.C. § 5125";

2. Under 28 U.S.C. § 1442(a)(1) because federal agencies directed the con-

duct of Arch that allegedly gave rise to Plaintiffs' claims; and

3. Under 28 U.S.C. § 1141(a) based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and (b) because Plaintiffs fraudulently joined nondiverse, individual Defendants solely for the purpose of defeating diversity jurisdiction.

Plaintiffs, however, contend Defendants' grounds for removal are insufficient because Plaintiffs' state law claims are not preempted by FIFRA; Arch was not acting under the direction of a federal agency or officer to a degree that confers removal jurisdiction under 28 U.S.C. § 1442(a)(1); and the nondiverse individual Defendants were properly joined in this action, which precludes federal court jurisdiction based on diversity.

## PLAINTIFFS' CLAIMS

Plaintiffs bring the following claims:

1. Products liability and negligent personal injury claims by the parents and surviving child against all Defendants except the individuals (First and Second Claims);

2. Products liability and negligence claims for statutory and common law wrongful death on behalf of the estates of the deceased children against all Defendants except the individuals (Third through Sixth Claims);

3. Negligent personal injury claims by the parents and surviving child against Costco and the individuals (Seventh Claim) and against Olin [1] (Tenth Claim);

4. Statutory and common law wrongful death claims on behalf of the estates of the deceased children against Costco and the individuals (Eighth and Ninth Claims) and against Olin (Eleventh and Twelfth Claims);

5. A misrepresentation/personal injury claim by the parents and surviving child against all Defendants (Thirteenth Claim); and (6) misrepresentation/ statutory and common law wrongful death claims on behalf the estates of the deceased children against all Defendants (Fourteenth and Fifteenth Claims).

Plaintiffs' claims rest on the following three theories of recovery:

1. "Sock-It" is so dangerous and prone to fire and/or explosion that Defendants should never have marketed or sold it to consumers for use in private swimming pools;

2. Defendants failed to give adequate warning of the unreasonably dangerous propensity of "Sock-It" to erupt in fire or to explode during handling, storage, and/or transportation, particularly when the ingredients are exposed to other products or materials; and

3. Defendants failed to package "Sock-It" securely enough to prevent rupture of the packaging or leakage of the ingredients and thereby created a risk of fire and/or explosion.

## STANDARDS

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking to remove any civil action from state court must file a notice of removal "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).

---

1. Plaintiffs allege Olin Corporation originally designed, manufactured, and/or sold "Sock-It" and transferred the manufacturing and sale of the product to Arch following a reorganization.

A motion to remand is the proper procedure for challenging removal. *N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1038 (1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citations omitted). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).

### 1. Removal under 28 U.S.C. § 1441(b): Claims Arising under Laws of the United States (Federal Question Jurisdiction Based on Preemption).

"A case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)(emphasis in original). If, however, "an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

### 2. Removal under 28 U.S.C. § 1442(a)(1): Claims Arising from Conduct Directed by Federal Agencies.

An action may be removed from state court when "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof [is] sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1).

To remove an action under § 1442(a)(1), the defendant must (1) demonstrate it acted under the direction of a federal officer, (2) raise a colorable federal defense to the plaintiff's claims, and (3) demonstrate a causal nexus between the plaintiff's claims and the acts the defendant performed under color of federal office. *Baker v. Asbestos Defendants*, C.04–2066SBA, 2004 WL 2196814, at *2 (N.D.Cal., Sept. 27, 2004). *See also Mesa v. Cal.*, 489 U.S. 121, 125–39, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). A corporation can be a "person" for purposes of § 1442(a)(1). *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir.1998).

### 3. Removal Based on 28 U.S.C. § 1441(a): Diversity of Citizenship and Fraudulent Joinder of Nondiverse Parties.

For removal to be valid based on diversity jurisdiction, 28 U.S.C. § 1332(a) "requires complete diversity of citizenship." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). An exception to the requirement of complete diversity, however, is when a nondiverse defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

A district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent. *Plute v. Roadway Package Sys., Inc.*, 141 F.Supp.2d 1005, 1008 (N.D.Cal. 2001) (citation omitted). Fraudulent joinder does not impugn the integrity of the plaintiffs or their counsel and does not refer to an intent to deceive. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D.Cal. 1979), *aff'd by* 710 F.2d 549 (9th Cir.1983). Instead it is a term of art:

Joinder of a nondiverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.

*Morris*, 236 F.3d at 1067 (internal quotations and citations omitted).

A defendant who seeks removal to federal court "is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339 (citation omitted). *See also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998), *cert. denied*, 525 U.S. 963, 119 S.Ct. 407, 142 L.Ed.2d 330 (1998). To resolve fraudulent joinder claims, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings such as affidavits and deposition testimony. *Morris*, 236 F.3d at 1067 (citation omitted). *See also DaCosta v. Novartis*, 180 F.Supp.2d 1178, 1181 (D.Or.2001).

A district court must resolve all questions of disputed fact and controlling law against the party seeking removal. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995) (citations omitted). Removal to federal court will be sustained, however, if the removing party demonstrates there is no possibility that the plaintiff can state a cause of action against the nondiverse defendant. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). *See also DaCosta*, 180 F.Supp.2d at 1181; *Ritchey*, 139 F.3d at 1318 ("[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory.").

**2.** As noted, Defendants also assert Plaintiffs' common law claims are preempted by HMTA. HMTA, however, regulates the transportation of hazardous materials in commerce. *See* 49

## DISCUSSION

The parties do not dispute the labeling and packaging of the product "Sock–It" is comprehensively regulated by the Environmental Protection Agency (EPA) pursuant to regulations promulgated under FIFRA.[2] This Court recently addressed FIFRA's preemption of common law, failure-to-warn claims based on strict products liability and negligence in *Vanderzanden Farms, LLC v. Dow Agrosciences, LLC*, CV 03–779–BR.

In *Vanderzanden Farms*, the plaintiff was an Oregon farm that engaged in the business of growing tulips. The plaintiff brought claims for products liability and negligence against the defendant for damage to the plaintiff's tulip crop allegedly caused by the application of Gallery, a herbicide manufactured by the defendant. The plaintiff's claims were based on alleged defects in the labeling of the herbicide. This Court held FIFRA "absolutely preempts" common law, failure-to-warn claims. The Court reasoned:

FIFRA is a comprehensive federal statute that regulates labeling, sales, and use of pesticides and grants enforcement authority to the EPA. *Taylor AG Indus. v. Pure–Gro*, 54 F.3d 555, 559 (9th Cir. 1995). FIFRA expressly prohibits states from imposing "any requirements for labeling or packaging in addition to or different from those required" under FIFRA. 7 U.S.C. § 136v(b).

"FIFRA preempts common law claims if the legal duty that forms the basis for the claim imposes a state labeling requirement that is different from or in addition to the requirements imposed by

U.S.C. § 5101, *et seq.* Plaintiffs' claims do not involve the transportation of hazardous materials in commerce and, therefore, HMTA is not applicable to this matter.

FIFRA." *Taylor*, 54 F.3d at 560. State law tort claims based on inadequate or defective labeling of pesticides are preempted because otherwise success on such claims would necessarily induce the manufacturer to alter its product label to comply with state law. *Id.* at 561. The preemption analysis in *Taylor* is based in large part on the Supreme Court's decision in *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). A majority of circuits have applied *Cipollone* and held a failure to warn claim against the manufacturer of pesticides is preempted by FIFRA. *Taylor,* 54 F.3d at 560. *See* Opin. and Order at 5–6 (issued June 24, 2004). This Court, therefore, held the plaintiff's state tort claims "clearly" were preempted by FIFRA. *Id.* at 7.

■ Here Plaintiffs assert state law tort claims for strict product liability, negligence, and misrepresentation against Arch and Costco and claims for negligence and misrepresentation against the individual Defendants. The gravamen of each of Plaintiffs' claims against Arch is that Arch's packaging and labeling of "Sock–It" was inadequate to warn and to protect Plaintiffs from the harm they suffered. Thus, the preemption issue here is identical in all material aspects to the preemption issue in *Vanderzanden Farms.* The Court, therefore, adopts its analysis in *Vanderzanden Farms* and concludes Plaintiffs' state law claims against Arch are converted into federal claims arising under FIFRA. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425.

This Court, therefore, holds Arch was entitled to remove this matter to federal court pursuant to 28 U.S.C. § 1441(a). In light of the Court's conclusion that removal was proper under 28 U.S.C. § 1441(a) based on federal question jurisdiction, the Court need not decide whether removal was appropriate based on 28 U.S.C. § 1442(a)(1) or the alleged fraudulent joinder of the nondiverse individual Defendants.

In light of the Court's holding that it has original federal question jurisdiction over Plaintiffs' claims against Defendant Arch, the Court also may exercise supplemental jurisdiction over Plaintiffs' state law claims against Defendant Costco and the individual Defendants under 28 U.S.C. § 1367(a). *See City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 165, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)(After "[t]he case was removed, the District Court had original jurisdiction over ICS's claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute 'other claims that . . . form part of the same case or controversy.' ").

## CONCLUSION

For these reasons, the Court **DENIES** the Motion to Remand (# 14) this action to state court filed by Plaintiffs Loran Davidson and Eyvette Davidson, individually and as conservators for Benjamin Davidson and personal representatives of the estates of Lucien Davidson and Janesse Davidson.

IT IS SO ORDERED.