1 Cal.Rptr.3d 129 (2003)
109 Cal.App.4th 1385
CUMMINS, INC., et al., Petitioners,
v.
The SUPERIOR COURT of Riverside County, Respondent;
Edward D. Cox et al., Real Parties in Interest.
No. E032377.
Court of Appeal, Fourth District, Division Two.
June 23, 2003.
Review Granted September 10, 2003.
*130 Foley & Lardner, Tami S. Smason, Leila Nourani, and Shauhin Talesh, Los Angeles, for Petitioner Cummins, Inc.
Sutton & Murphy, Thomas M. Murphy, Mission Viejo, and Patrick J. Wehage, for Petitioner Winnebago Industries, Inc.
No appearance for Respondent.
Law Offices of Lawrence J. Hutchens, Lawrence J. Hutchens and Michael S. Humphries, Bellflower, for Real Parties in Interest.

OPINION
GAUT, Acting P.J.
We hold that Civil Code section 1793.2, subdivision (d),[1] a provision of the Song-Beverly Consumer Warranty Act (the Act), section 1790 et seq., may be applied to a manufacturer whose goods are sold in this state even though the particular good in question was purchased in another state. We conclude, therefore, that the defendant manufacturer's motion for summary adjudication was properly denied by the trial court, and we, in turn, deny the manufacturer's petition for writ of mandate.

FACTUAL AND PROCEDURAL BACKGROUND
Real parties in interest Edward and Sandi Cox (plaintiffs) purchased a Winnebago motor home equipped with a Cummins, Inc. (Cummins) engine in the state of Idaho. In connection with the sale, plaintiffs allege that they received an express warranty. They took possession of the motor home in Idaho and drove it back to their home in Riverside. They allege that the motor home does not conform to the express warranty and that its engine was defectively manufactured, designed or assembled. Plaintiffs brought it in for warranty repairs to Cummins's and Winnebago Industries, Inc.'s (Winnebago) authorized warranty representatives in this state. In fact, they allege that they brought it in for various repairs at least eight times, but that the problems were not corrected.
Plaintiffs sued Winnebago and Cummins for breach of warranty. They brought two causes of action against Cummins for violation of the Act, also known as the California lemon law statute, and the Magnuson-Moss Warranty Act (the Federal warranty statute), and one cause of action for negligent repairs against its repair facility, Cummins Cal Pacific, Inc. In the first cause of action brought under the Act, plaintiffs specifically allege that defendants violated the provisions of section 1793.2, subdivisions (d)(1) and (2) by failing to repair or replace the motor home within a reasonable time.
Cummins, joined by Winnebago,[2] moved for summary adjudication of the first cause of action on the ground that the Act does not apply because the motor home was purchased outside of California. They *131 contend that the Act was enacted to protect consumers who purchase consumer goods in this state from manufacturers who provide express warranties, and that it applies only if the goods were sold in California. Specifically, they noted that section 1793.2, subdivision (a) applies to "[e]very manufacturer of consumer goods sold in this state."
Plaintiffs countered that the statute does not require that the specific good be sold in this state. They urged the trial court to look to the intent of the Legislature, which is to eliminate consumer frustrations caused by defective products and to ease difficulties in resolving disputes over warranties.
The trial court denied summary adjudication. It noted that the introductory wording regarding "goods sold in this state" is contained only in subdivision (a) but not in subdivision (d) of section 1793.2. "[Section] 1793.2[,] subdivision (d) imposes a duty to make goods conform to their warranties, but this subdivision unlike (a) is not expressly limited to those goods sold here. The [Legislature could have included the phrase, quote, goods sold in California, end of quote, in that section[,] but left it at quote, goods, end of quote. So all things considered, plaintiffs interpretation makes the most sense."

DISCUSSION
Cummins contends that the trial court engaged in a tortured interpretation of the statute in holding that the Act applies to out-of-state sales. It notes that the language limiting its application to sales in California is contained throughout the Act, and nowhere is there any indication that out-of-state sales are within its scope. According to Cummins, the court's interpretation was clear error based on the plain language, legislative history, and common sense construction of the statute.
Plaintiffs also contend that section 1793.2, subdivision (d) is clear on its face and free from ambiguity. Their interpretation of the plain meaning of this provision is diametrically opposed to Cummins's. According to plaintiffs, the subdivision does not require the motor home to be sold in California. Rather, they contend it is separate and coequal to section 1793.2, subdivision (a). Had plaintiffs alleged a violation of section 1793.2, subdivision (a), they assert they would have been obligated to prove that the vehicle was sold in this state, but section 1793.2, subdivision (d) requires manufacturers to replace or repurchase defective consumer goods and new motor vehicles if their representatives in this state are unable to service or repair them to conform to the applicable express warranty after a reasonable number of attempts. Plaintiffs conclude that there is nothing in the legislative history that indicates an intent to exclude goods purchased outside the state which have been unsuccessfully repaired here by the manufacturer or its authorized representative.
We begin our analysis by setting out the pertinent provisions of the statute at issue. Subdivision (a) of section 1793.2 states that "[e]very manufacturer of consumer goods sold in this state and for which the manufacturer has made an express warranty shall: [¶] (1)(A) Maintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of those warranties or designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties. [¶] (B) As a means of complying with this paragraph, a manufacturer may enter into warranty *132 service contracts with independent service and repair facilities...."
Subdivision (d)(1) of section 1793.2 provides that "[e]xcept as provided in paragraph (2), if the manufacturer or its representative in this state does not service or repair the goods to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity. [¶] (2) ... However, the buyer shall be free to elect restitution in lieu of replacement, and in no event shall the buyer be required by the manufacturer to accept a replacement vehicle."
We disagree with the trial court that the two subdivisions are to be interpreted separately from one another. Basic principles of statutory construction require us to interpret a statute as a whole so as to make sense of the entire statutory scheme and not to view isolated statutory language out of context. (Carrisales v. Department of Corrections (1999) 21 Cal.4th 1132, 1135, 90 Cal.Rptr.2d 804, 988 P.2d 1083.) The phrase "goods sold in this state" simply describes the manufacturers who must provide service and repair facilities in this state. It would be nonsensical to provide in section 1793.2, subdivision (a) that only certain manufacturers must maintain or provide service and repair facilities in this statenamely, those who manufacture consumer goods sold here, but that any manufacturer must comply with the provisions of section 1793.2, subdivision (d). And there is a distinction goods of many manufacturers nationwide may not be sold here. For example, the statute would not require manufacturers of widgets that are sold locally in South Dakota to maintain service and repair facilities here. The reference to "the" manufacturer in section 1793.2, subdivision (d) should be read to refer back to the manufacturers in section 1793.2, subdivision (a).
This interpretation is supported by California State Electronics Assn. v. Zeos Internal Ltd. (1996) 41 Cal.App.4th 1270, 49 Cal.Rptr.2d 127. Plaintiff in that case was a trade association of individuals and businesses that performed warranty service on consumer electronics products. It sued Zeos and other non-California personal computer manufacturers to compel compliance with the Act's requirement that manufacturers of goods sold in California with express warranties provide for local repair facilities. Zeos was a mail order manufacturer of personal computer equipment located in Minnesota. It sold its equipment directly to consumers by mail or phone orders. It provided an express warranty requiring that the consumer return the defective product to Zeos. The court concluded that section 1793.2, subdivision (a) did not apply to Zeos because the sales occurred in Minnesotanot in California. Under the construction adopted by the trial court in the current case, Zeos could be held liable for failure of its repair facility to repair or replace a product as required by section 1793.2, subdivision (d), even though it has no obligation to have local repair facilities. Such a result does not make sense in the context of the statutory scheme.
Our rejection of the trial court's construction does not resolve the issue raised by this case, i.e., whether section 1793.2 applies where a manufacturer sells goods in this state, but the particular consumer good was not purchased here. To answer this question we must "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (Goodman v. Zimmerman (1994) 25 Cal.App.4th 1667, 1676, 32 Cal.Rptr.2d 419.) The Act "regulates *133 warranty terms, imposes service and repair obligations on manufacturers, distributors, and retailers who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties. [Citations.]" (Krieger v. Nick Alexander Imports, Inc. (1991) 234 Cal.App.3d 205, 213, 285 Cal.Rptr. 717.) The Act "is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action. [Citation.]" (Kwan v. Mercedes-Benz of North America, Inc. (1994) 23 Cal.App.4th 174, 184, 28 Cal. Rptr .2d 371.)
Section 1793.2 contains no express requirement that the specific item must have been purchased here. Cummins and Winnebago must maintain service and repair facilities in this state to comply with their warranties because their "goods are sold in this state...." It is the action of their authorized warranty representatives that has given rise to this suit. Given the remedial nature of the statute to ease consumer difficulties in obtaining warranty repairs, we believe that the statute should be interpreted to apply in cases arising from the actions in this state of a manufacturer or its representative to repair or replace a consumer good even if that particular item was not originally purchased here. We reject the notion that such an interpretation will result in a flood of litigation from out-of-state consumers seeking the protection of California's lemon law, because any lawsuit would have to be based on alleged violations by manufacturers or representatives occurring in this state. For this same reason, there would be no restraint on interstate commerce. We think it highly unlikely that out-of-state consumers will bring their defective products into California on the off chance that repeated failures to repair them will allow them to sue under the Act.
Finally, the legislative history submitted by Cummins is unpersuasive. It consists of Legislative Counsel opinions issued after the Act was enacted and a letter from the office of Senator Song. The understanding of an individual legislator who was the author does not per se establish legislative intent. (Williams v. Garcetti (1993) 5 Cal.4th 561, 569, 20 Cal. Rptr.2d 341, 853 P.2d 507.) The Legislative Counsel's opinion is entitled to respect, but the weight to which it is to be accorded is dependent on the reasons given in support. (Santa Clara County Local Transportation Authority v. Guardino (1995) 11 Cal.4th 220, 238, 45 Cal.Rptr.2d 207, 902 P.2d 225.) These sources speak in general terms that the Act applies only to goods sold in California, but do not address the specific factual scenario before this court.
Certain portions of the Act unquestionably do apply only where the actual sale took place here, but in those instances the Legislature employed different language. Thus, section 1792 states, in part, that "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." (Italics added.) Similar language is contained in sections 1792.1, 1792.2, and 1793.02. These sections deal with implied warranties that occur with a sale in this state. Indeed, the very fact that the Legislature limited the Act to retail sales of a good is some indication that it could have done so in section 1792.3. (See Bagg v. Wickizer (1935) 9 Cal.App.2d 753, 757, 50 P.2d 1047 [courts may compare the language of statutes on similar subjects in order to ascertain legislative intent].)
*134 In sum, we conclude that a manufacturer who sells goods in this state may be subject to the provisions of section 1792.3, subdivision (d) whenever it or its representative in this state fails to service or repair the good to conform to its express warranty even in cases where the particular good was purchased out of state.

DISPOSITION
The petition for writ of mandate is denied. Real parties in interest shall recover their costs on appeal.
We concur: RICHLI and WARD, JJ.
NOTES
[1] All further statutory references are to the Civil Code unless otherwise indicated.
[2] Winnebago has also filed a joinder in this petition for writ of mandate.