[No. B174944. Second Dist., Div. Two. Jan. 4, 2006.]

DARIN R. DAVIS, Plaintiff and Respondent, v.
NEWMAR CORPORATION et al., Defendants and Appellants.

COUNSEL

Dykema Gossett and Patricia M. Coleman for Defendants and Appellants.

Law Offices of Lawrence J. Hutchens, Lawrence J. Hutchens and Michael S. Humphries for Plaintiff and Respondent.

OPINION

**ASHMANN-GERST, J.**—Following a jury verdict in favor of respondent Darin R. Davis (Davis), appellants Newmar Corporation (Newmar) and La Mesa R.V. Center, Inc. (La Mesa), filed the instant appeal, challenging the trial court's orders denying their pretrial motion to dismiss and their posttrial motion for judgment notwithstanding the verdict or for a new trial. While this appeal was pending, the Supreme Court's decision in *Cummins, Inc. v. Superior Court* (2005) 36 Cal.4th 478 [30 Cal.Rptr.3d 823, 115 P.3d 98] (*Cummins*) was rendered. Pursuant to *Cummins*, we reverse the trial court's order denying the pretrial motion to dismiss. It follows that the judgment against appellants is reversed as well.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Davis negotiated terms for the purchase of a new 2002 Newmar Dutch Star motor home with retailer La Mesa, which is located in California. The sales contract provides that California law applies to the transaction. Consistent with California law, one of the terms of the sale required La Mesa to deliver the motor home to Davis in Nevada.

After delivery, respondent claimed that the motor home suffered defects, and La Mesa made repairs to the motor home. Dissatisfied with the repairs, Davis requested his money back. When Newmar refused, Davis filed suit for violation of the Song-Beverly Consumer Warranty Act (the Act), Civil Code section 1790 et seq.,[1] against Newmar, the manufacturer of the motor home, and Freightliner Custom Chassis Corporation (Freightliner),[2] the chassis manufacturer. The complaint also sought rescission and revocation of acceptance against La Mesa.

Prior to trial, Freightliner filed a motion in limine, seeking an order of dismissal of the first cause of action on the grounds that the Act only applies to consumer goods sold in California and not to Davis's motor home purchase outside California. Newmar joined in the motion.

By stipulation, the trial court treated the motion in limine as a motion to dismiss. Relying upon *Cummins, Inc. v. Superior Court** (Cal.App.), the trial court denied Newmar and Freightliner's motion.

On July 30, 2003, trial proceeded on Davis's first cause of action only. On August 11, 2003, the jury returned a verdict awarding respondent $191,876.95 in repurchase damages and a maximum civil penalty of $383,753.39. On October 6, 2003, the trial court granted Davis's motion for rescission and revocation of acceptance against La Mesa. Davis also was awarded attorney fees and prejudgment interest. Judgment was entered, Newmar's posttrial motion for judgment notwithstanding the verdict or, alternatively, motion for new trial was denied, and this timely appeal followed.

While the posttrial proceedings were pending, on September 10, 2003, the Supreme Court granted review of *Cummins, Inc. v. Superior Court** (Cal.App.). The final decision was rendered on July 18, 2005. (*Cummins, supra*, 36 Cal.4th 478.)

## DISCUSSION

Pursuant to *Cummins, supra*, 36 Cal.4th 478, we reverse the trial court's order denying Newmar's pretrial motion to dismiss.

The facts in *Cummins* are as follows: During a visit to Idaho, the plaintiffs, who are California residents, purchased a motor home. Thereafter, the

---

[1] All further statutory references are to the Civil Code unless otherwise indicated.

[2] Freightliner ultimately settled with Davis and was dismissed prior to trial.

*Reporter's Note: Review granted September 10, 2003, S117726. For Supreme Court opinion, see 36 Cal.4th 478 [30 Cal.Rptr.3d 823, 115 P.3d 98].

plaintiffs filed a complaint in California against the manufacturer of the motor home and the manufacturer of the engine, alleging that the motor home did not conform to express warranties and that its engine was defectively manufactured. The first cause of action was a claim for breach of express warranty and violation of the Act. The plaintiffs sought actual damages, attorney fees, and a civil penalty. (*Cummins, supra*, 36 Cal.4th at p. 483.)

The manufacturer defendants then moved for summary adjudication of the first cause of action, urging that because the plaintiffs had purchased the motor home in Idaho and the Act only applies to vehicles purchased in California, their claim was barred. (*Cummins, supra*, 36 Cal.4th at p. 484.) The trial court denied the motion, the Court of Appeal denied the petition for writ of mandate, and the Supreme Court reversed. (*Id.* at pp. 484, 494.)

■ After setting forth the purpose and requirements of the Act, the Supreme Court considered whether the provisions of "section 1793.2 apply to vehicles purchased outside of California." (*Cummins, supra*, 36 Cal.4th at p. 486.) Ultimately, the Supreme Court concluded that the Act applies only to vehicles sold in California. (36 Cal.4th at pp. 487–490, 493 ["the Legislature intended the Act to apply only to vehicles sold in California" and "the Legislature contemplated that the Act would apply only if the goods were purchased in California"].)

■ Following the Supreme Court's pronouncement in *Cummins*, we conclude that the trial court erred in denying Newmar's pretrial motion to dismiss the first cause of action. Because the Act applies only to vehicles sold in California and Davis's motor home was not sold in California, Davis cannot state a claim under the Act.

■ Davis argues that because he negotiated the sale of the motor home in California, pursuant to a contract governed by California law, he can pursue a claim under the Act, even though he took delivery of the motor home in Nevada. We disagree. Under California law, title to the motor home passed upon delivery—in Nevada. (*California State Electronics Assn. v. Zeos Internat. Ltd.* (1996) 41 Cal.App.4th 1270, 1276–1277 [49 Cal.Rptr.2d 127]; see also Cal. U. Com. Code, § 2401, subd. (2)(a).) Because title passed outside of California, the Act does not apply. (*California State Electronics Assn. v. Zeos Internat. Ltd., supra*, at pp. 1276–1277.)

Moreover, Davis received a significant tax benefit by taking delivery of the motor home in Nevada. Because the California Franchise Tax Board treated the transaction as an out-of-state purchase, he avoided thousands of dollars in sales tax. Under these circumstances, Davis should not be allowed to reap the benefits of the Act.

It follows that appellants' remaining contentions on appeal are moot and we need not address them.

## DISPOSITION

The judgment of the trial court is reversed. Appellants are entitled to costs on appeal.

Boren, P. J., and Doi Todd, J., concurred.