**Riley GAYNOR**

v.

**WESTERN RECREATIONAL VEHICLES INC., et al.**

**No. SACV0600160 JVS RNBX.**

United States District Court, C.D. California.

Feb. 14, 2007.

---

**3.** Any other similar misconduct will subject Plaintiff's counsel to Rule 11 sanctions.

Martin W. Anderson, Anderson Law Firm, Santa Ana, CA, Jeffrey Kane, Jeffrey Kane Law Offices, Orange, CA, for Riley Gaynor.

Vincent James Axelson, Gates Odoherty Gonter and Guy, San Diego, CA, for Western Recreational Vehicles Inc., et al.

SELNA, District Judge.

**Proceedings:** (In Chambers) Order re Motion for Reconsideration

Plaintiff Riley Gaynor ("Gaynor") previously moved for summary judgment against defendants Western Recreational Vehicles, Inc. ("Western RV") and Saddleback Recreational Vehicles, Inc. ("Saddleback RV") (collectively "RV Defendants") on the issue of whether the Motorhome was sold in California for purposes of the Song–Beverly Act. The Court denied the RV Defendants' motion for summary judgment on this issue on the grounds that triable issues of fact remained. (Minute Order, Jan. 16, 2007, p. 5.) Gaynor has raised the same issue by way of a motion *in limine.* (Gaynor's Motion *in Limine* No. 8.) At oral argument on the motion *in limine,* the parties stipulated for the first time that they do not dispute the credibility of the evidence submitted on the summary judgment motion, and asked the Court to determine, as a matter of law, whether the Song Beverly Act applies. The Court finds this sufficient to justify reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 7–18.

## I. *LEGAL STANDARD*

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by

reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505. In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

> [A] moving party without the ultimate burden of persuasion at trial ... may carry its initial burden of production by either of two methods. [First, the] moving party may produce evidence negating an essential element of the non-moving party's case, or [second], after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

*Nissan Fire & Marine Ins. Co. v. Fritz Co.*, 210 F.3d 1099, 1106 (9th Cir.2000). If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. If the nonmoving party meets this burden, then the motion will be denied. *Nissan*, 210 F.3d at 1103.

## II. *DISCUSSION*

Application of the Song–Beverly Act is expressly limited to goods sold in California. *See* Cal. Civ.Code §§ 1792, 1792.1, 1792.2, 1793.3, 1793.6. Under the Song–Beverly Act, "sale" means "(1) the passing of title from the seller to the buyer for a price, or (2) a consignment for sale." Cal. Civ.Code § 1791(n). California law is clear that when title passes outside of California, the Song–Beverly Act does not apply. *See Cummins, Inc. v. Superior Ct.*, 36 Cal.4th 478, 30 Cal.Rptr.3d 823, 115 P.3d 98 (2005) (Song–Beverly Act did not apply to motorhome sold in Idaho and subsequently brought into California); *Davis v. Newmar Corp.*, 136 Cal.App.4th 275, 278, 38 Cal.Rptr.3d 690 (2006) (Song–Beverly Act did not apply to sale of motorhome negotiated in California where contract required delivery in Arizona); *Cal. State Elecs. Ass'n v. Zeos Int'l Ltd.*, 41 Cal.App.4th 1270, 1278, 49 Cal.Rptr.2d 127 (1996) (Song–Beverly Act did not apply to goods where title passed in Minnesota upon shipment of goods from seller to buyer in California). Thus, the dispositive question in this case is whether or not title passed in California.

■ Under the California Commercial Code,

> Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods ....
>
> (a) If the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment; but
>
> (b) If the contract requires delivery at destination, title passes on tender there.

Cal. Com.Code § 2401(2). Subsection (a) describes a "shipment" contract, whereas subsection (b) describes a "delivery" contract. Shipment contracts are the presumptive form in California. *Wilson v. Brawn of California, Inc.*, 132 Cal.App.4th 549, 556, 33 Cal.Rptr.3d 769 (2005); *Zeos*, 41 Cal.App.4th at 1277, 49 Cal.Rptr.2d 127.

■ A contract is ambiguous if it is capable of more than one reasonable interpretation. *Badie v. Bank of Am.,* 67 Cal. App.4th 779, 798, 79 Cal.Rptr.2d 273 (1998). Where the contractual language is clear and explicit, however, it governs. *Bank of the West v. Superior Ct.,* 2 Cal.4th 1254, 1264, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992). "Interpretation of a contract is solely a question of law unless the interpretation turns upon the credibility of extrinsic evidence." *Badie,* 67 Cal.App.4th at 799, 79 Cal.Rptr.2d 273. Here, there is no dispute about the credibility of the evidence. Thus, the interpretation of the contract is the duty of the Court, and the jury plays no role. *Herring v. Teradyne, Inc.,* 256 F.Supp.2d 1118, 1124–25 (S.D.Cal. 2002).

■ The parties do not dispute the following material facts underlying the sale of the Motorhome. On September 10, 2004, Gaynor and Saddleback RV negotiated and executed a retail installment sale contract for the Motorhome in Irvine, California. During the sales negotiations, Gaynor indicated his intent to take possession of the Motorhome outside of California for the purpose of legally avoiding payment of California sales or use tax. The sale contract itself contains no language requiring defendant Saddleback RV to deliver the Motorhome outside of California, and does not list any additional delivery fees. The purchase agreement indicates that Gaynor paid no sales or use tax on the Motorhome.

Also on September 10, 2004, Gaynor inspected the Motorhome in Irvine, California and signed a "Customer Acceptance Form." Gaynor also signed a California DMV "Application for Registration of New Vehicle" form prepared by Saddleback RV that indicated the "date first sold" and "date first operated" to be September 10, 2004.

On September 11, 2004, Gaynor and his wife used their new keys to transfer their personal belongings the Motorhome. Gaynor and his wife used the Motorhome by sleeping in it on September 11 and 12 while still on the Saddleback RV lot.[1]

On September 13, 2004, Gaynor directed a third-party shipping company hired by Saddleback RV to drive the Motorhome to Arizona, where he would again take possession. Gaynor and his wife met the driver in Arizona, where he executed California Board of Equalization Forms 447 and 448, certifying that the Motorhome had been purchased for use outside of California and delivered to him in Arizona. In these forms, Gaynor further acknowledged that he could be subject to California use tax if he used the Motorhome in California within 90 days.

The sale contract itself contains no provision requiring "out of state delivery" of the Motorhome, let alone a provision requiring delivery at a specific destination. The only provision regarding delivery appears on the back of the form and states "Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you." The undisputed evidence is that the sale agreement was signed on September 10, 2004 in Irvine, California. Saddleback RV thus completed its performance with regard to physical delivery of the Motorhome when Gaynor inspected the Motorhome and accepted it. Saddleback RV then gave the keys to Gaynor and he used the Motorhome for two nights by sleeping in it. The Court therefore finds that title to the Motorhome transferred in California upon acceptance of the Motorhome by Gaynor.

1. The Court expresses no opinion as to what tax consequences might possibly arise from this use.

The RV Defendants urge the Court to look to evidence of the parties' actions and intent in construing the terms of the contract. This presumes that the contract is ambiguous, which it is not. However, even if the Court considered the extrinsic evidence, it would reach the same ultimate conclusion. The extrinsic evidence certainly suggests that the parties intended for the Motorhome to be transported to Arizona as part of the sale, so as to legally avoid California sales tax. Specifically, Gusse signed California BOE forms, as well as the "Statement of Fact" form provided by Saddleback RV regarding his intention to take possession outside of California. Moreover, the third-party shipper in fact drove the Motorhome to Arizona.

The fact that the parties may have agreed to transport the Motorhome to Arizona for tax purposes does not, however, create a delivery contract. Importantly, the contract does not provide for delivery to a specific location and it does not require that the Motorhome be tendered for Gaynor's acceptance in Arizona. To the contrary, Saddleback RV required Gaynor to inspect and accept the Motorhome on September 10, 2004, before it was shipped. At that time, Gaynor signed the "Customer Acceptance Form." Saddleback RV then hired a third party driver to take the Motorhome wherever Gaynor wanted it transported, and Gaynor directed the driver to transport the Motorhome to Arizona. Gaynor was also required to provide proof of insurance before the Motorhome was shipped.

These facts are consistent with a shipment contract, which is the presumptive form in California. The Court would therefore find that the contract is one which required or authorized Saddleback RV to transport the Motorhome, but did not require delivery at the destination. Accordingly, title passed to Gaynor in California, at the time and place of shipment. Cal. Com.Code § 2401(2)(a); *Zeos*, 41 Cal. App.4th at 1278, 49 Cal.Rptr.2d 127.[2]

The RV Defendants argue that this leads to an absurd result, which allows Gaynor to have his cake and eat it too. The flaw in this argument is that protection under the Song–Beverly Act and exemption from California sales tax are not mutually exclusive. The Song–Beverly Act requires that title to the goods pass in California. *See* Cal. Civ.Code § 1791(n); *Zeos*, 41 Cal.App.4th at 1278, 49 Cal. Rptr.2d 127. However, a sale is exempt from sales tax if the contract of sale requires the goods to be shipped to a point not in California, and the goods are actually shipped out of the state. *See* West's Ann.Cal.Rev. & T. Code § 6396. As used in Section 6396 of the Tax and Revenue Code, " 'delivery' is not synonymous with 'passage of title' to the goods (although the two may occur at the same time). Rather, it is a term of art denoting the point at which ownership is transferred, and the goods are no longer property of the seller." *Chevron U.S.A. Inc. v. State Bd. of Equalization*, 53 Cal.App.4th 289, 296, 61 Cal.Rptr.2d 608 (1997) (citing *Satco, Inc. v. State Bd. of Equalization*, 144 Cal.App.3d 12, 17, 192 Cal.Rptr. 449 (1983)). Thus, a consumer good that is sold and shipped from California to another state pursuant to a shipment contract is "sold in California" for purposes of the Song–Beverly Act, but would be exempt from California sales tax.

---

2. The instant case is distinguishable from *Davis v. Newmar Corp.* In *Davis*, "one of the terms of the sale required [the dealer] to deliver the motor home to [the buyer] in Nevada." *Davis*, 136 Cal.App.4th at 276, 38 Cal.Rptr.3d 690. Here, the parties may have agreed to have the Motorhome transported to Arizona, but "delivery" in Arizona was not a contract term.

As a matter of law, the Court finds that title to the Motorhome transferred to Gaynor in California. Accordingly, the protections of the Song–Beverly Act apply, and the Court grants summary judgment in favor of Gaynor on this issue.

III. *CONCLUSION*

For the foregoing reasons, summary judgment is granted in favor of Gaynor on the issue of whether the Motorhome was sold in California.