MEMORANDUM *
Rodolfo and Rita Galicia appeal the district court’s rulings granting Country Coach, Inc. (“Country Coach”), McMahon’s RV (“McMahon’s”) and Caterpillar, Inc. (“Caterpillar”) summary judgment.[1] Because the panel received a Notice of Bankruptcy stay on March 30, 2009, this appeal is stayed with regard to Country Coach. Accordingly, we resolve only the issues related to McMahon’s and Caterpillar.
(a)
The district court did not err in granting McMahon’s summary judgment. The Galieias’ Song-Beverly Consumer Warranty Act (“Song-Beverly”) claim against McMahon’s could proceed only if McMahon’s sold the Galieias a motorhome in California. Cal. Civ.Code § 1793.2(a)(1)(A). A “sale” occurs under California law at the time title to the goods passes from the seller to the buyer. Cal. Civ.Code § 1791(n). California Commercial Code Section 2401(2) provides the de *689 fault rules for passage of title — “[u]nless otherwise explicitly agreed!,] title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods ... even though a document of title is to be delivered at a different time or place.” See also Cal. State Electronics Ass’n v. Zeos Int'l Ltd., 41 Cal.App.4th 1270, 1276, 49 Cal.Rptr.2d 127 (Cal.Ct.App. 1996) (Section 2401 determines where title passes for Song-Beverly purposes). If the purchase/sales contract requires or authorizes the seller to send the goods to the buyer, but does not require the seller to deliver them at a specific destination, title passes to the buyer at the time and place of shipment. Cal. Comm.Code § 2401(2)(a). This type of contract is referred to as a “shipment contract.” If the contract requires delivery at a specific destination, however, title passes on tender at that destination. Cal. Comm.Code § 2401(2)(b). This is called a “delivery” or “destination” contract. The record indicates that McMahon’s and the Galicias entered into a destination contact. The parties agreed that McMahon’s would deliver the motorhome to the Galicias at the Ehernberg, Arizona “Flying J” — a specific location outside California — preventing the sale from being a California sale. Song-Beverly therefore does not apply.
(b)
The district court properly denied the Galicias’ motion to amend their Complaint to add a new claim against McMahon’s on the eve of trial. “A district court acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith.” Chappel v. Laboratory Corp. of America., 232 F.3d 719, 725-26 (9th Cir. 2000). The district court denied the motion, finding that McMahon’s would be prejudiced. The Galicias did not include a claim under the Magnuson-Moss Consumer Warranty Act (“Magnuson-Moss”), 15 U.S.C. § 2301, against McMahon’s in their Complaint, nor any common-law implied warranty claim. They attempted to add these claims eight days before trial was scheduled to begin, after summary judgment was granted in McMahon’s favor. Had the district court allowed the amendment, McMahon’s would not be able to move for summary judgment on the new claims and would need to take new depositions and prepare and amend them pleadings, all on the eve of trial. Accordingly, we conclude that the district court did not abuse its discretion, and affirm the district court’s decision to deny the Galicias leave to amend.
(c)
By failing to address the merits of its breach of warranty claim against Caterpillar in its Opening Brief, the Galicias waived their right to appeal the district court’s decision that Caterpillar did not breach its warranty to the Galicias. See Dream Games of Arizona, Inc. v. PC On-site, 561 F.3d 983 (9th Cir.2009); Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986). Even if not waived, the district court properly granted Caterpillar summary judgment. To prevail on a breach of warranty claim under California or federal Lemon Laws, the Galicias must first establish that they provided Caterpillar a reasonable number of opportunities to repair an engine defect or non-conformity. 15 U.S.C. § 2310(e) (“No action ... may be brought under subsection (d) of this section for failure to comply with any obligation under any written or implied warranty or service contract ... unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to com *690 ply.”); Cal. Civ.Code § 1793.2(d)(2) (manufacturers must replace or repurchase a vehicle if “unable to service or repair a new motor vehicle ... to conform to the applicable express warranties after a reasonable number of attempts”). The Galici-as fail to meet this burden for two reasons. First, they do not show any breach of warranty based on a defect or non-conformity, and second, even if a non-conformity or defect existed, the Galicias did not provide Caterpillar a “reasonable” opportunity to repair the engine.
AFFIRMED in part, STAYED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. National RV is apparently in the midst of bankruptcy proceedings.